[No. G008523. Fourth Dist., Div. Three. Feb. 4, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBEIRO CASTRILLON, Defendant and Respondent.

**COUNSEL**

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulps and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

WALLIN, J.—Albeiro Castrillon appeals the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5.[1] The Attorney General urges Castrillon waived his right to appeal the denial of the motion to suppress as part of a negotiated plea bargain. We agree and affirm.

Castrillon was charged with several drug-related offenses. His motion to suppress evidence was denied and the case proceeded to a jury trial. During the trial Castrillon and the prosecution negotiated a plea bargain.

Castrillon initialed and signed a form entitled "Guilty Plea in the Superior Court." He initialed the box next to the following statement on the form:

---

[1] All statutory references are to the Penal Code.

"I understand that I have the right to appeal the Superior Court's denial of my [section] 1538.5 motion (suppression of evidence motion) in this case. I hereby waive and give up this right." He also initialed the box next to, and signed immediately below, the following statement: "I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s) . . . ." Castrillon's attorney signed a statement at the end of the guilty plea form attesting that he had explained to Castrillon each of the rights being waived, he agreed with Castrillon's decision to waive the rights and the plea form could be received by the court as evidence of Castrillon's intelligent waiver of his rights.

After noting that Castrillon understood English, the trial court asked the court interpreters if they had read the form to Castrillon. They had. Castrillon stated he understood everything read to him by the interpreters. The court specifically discussed with Castrillon the fact that he was waiving his right to a jury trial, right to confront witnesses and his privilege against self-incrimination. The court found Castrillon was knowledgeable and voluntarily waived the rights set forth in the written guilty plea form. Castrillon agreed with, and his attorney joined in, the court's finding.

■ The Attorney General urges Castrillon waived his right to appeal the denial of the motion to suppress. In response, Castrillon argues the record is "hopelessly inadequate" to establish that Castrillon knowingly waived his appeal rights because he was not examined by the trial court regarding this particular right. We reject his argument.

■ In *People* v. *Charles* (1985) 171 Cal.App.3d 552 [217 Cal.Rptr. 402], the court held the statutory right to appeal the trial court's ruling on a suppression motion (§ 1538.5, subd. (m)) can be waived as a condition of a plea agreement. "As long as the record shows that the waiver was free, knowing and intelligent . . . it must be upheld as a part of the plea agreement and the defendant will be forever barred from raising the search and seizure issue on appeal notwithstanding section 1538.5, subdivision (m)." (171 Cal.App.3d at pp. 563-564.) The only issue is whether the written plea form is sufficient evidence of a knowing and intelligent waiver.

The issue has been extensively addressed in the context of the fundamental constitutional rights which are necessarily waived by virtue of a guilty plea. ■ A guilty plea will not be deemed valid unless the record of the proceedings before the plea was accepted reflects that the defendant understood and voluntarily, intelligently, expressly and explicitly waived his *Boykin-Tahl* rights (the right to confrontation, the right to a jury trial, and the

privilege against self-incrimination). (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) However, an "express" waiver of the *Boykin-Tahl* rights is not synonymous with an oral recitation of those rights by the trial court and an oral waiver by the defendant.

■ A trial court may rely upon the defendant's validly executed waiver form as a proper substitute for personally advising him of his *Boykin-Tahl* rights. *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273] approved the use of a written waiver in misdemeanor proceedings. (*Id.* at p. 292.) In *In re Ibarra* (1983) 34 Cal.3d 277 [193 Cal.Rptr. 538, 666 P.2d 980], the court concluded a written waiver could similarly be relied upon in a felony case.

It necessarily follows that a properly executed written waiver of the statutory right to appeal denial of the suppression motion may likewise be relied upon. (See *People* v. *Charles, supra*, 171 Cal.App.3d at p. 559.) ■ *In re Ibarra, supra*, 34 Cal.3d 277, set forth the rationale for allowing written waivers. "The underlying purpose of the *Boykin* and *Tahl* rules is to ensure that a defendant is actually informed of his rights, and has had an opportunity to make an intelligent choice to plead guilty. A sufficient waiver form can be a great aid to a defendant in outlining those rights . . . . [A] defendant who has signed a waiver form upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge. The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney." (*Id.* at pp. 285-286.)

■ Only if in questioning the defendant and his attorney the trial court has reason to believe the defendant does not fully comprehend his rights, must the trial court conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights. (34 Cal.3d at p. 286.) "So long as the waiver form contains sufficient information, and both the defendant and his counsel attest to its valid execution, the judge may, in his discretion, dispense with further explanation to the defendant of his rights." (*Ibid.*)

■ We apply the same rules here. The written waiver of Castrillon's appeal rights is sufficient unless a doubt is raised that he understood and knowingly waived his rights. There is nothing in this record to raise any such doubt. Castrillon signed the waiver form, and both he and his attorney attested to the court that he understood and voluntarily relinquished each specified right. When questioned on his waiver of the specific *Boykin-Tahl* rights, Castrillon clearly understood. When the trial court explained the custodial consequences of the guilty plea, he understood. There was no

reason for the trial court to conclude Castrillon did not understand the statutory rights which he specifically waived. The trial court was entitled to rely upon Castrillon's written waiver of his right to appeal the denial of the suppression motion.[2]

The judgment is affirmed.

Sills, P. J., and Moore, J., concurred.

---

[2] Because we conclude Castrillon waived his right to appeal the denial of the suppression motion, we need not address the merits of his appeal.