[No. G011288. Fourth Dist., Div. Three. Feb. 11, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
THANG VAN NGUYEN, Defendant and Appellant.

**COUNSEL**

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Jill Ishida, Deputy State Public Defender, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Rhonda L. Cartwright, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WALLIN, J.**—Thang Van Nguyen appeals his conviction on multiple counts of robbery, burglary, assault with a deadly weapon, shooting at an occupied building, and false imprisonment, with numerous enhancements. He contends: (1) the abstract of judgment must be corrected to accurately reflect his convictions were for second degree robbery on two counts; (2) his conviction for discharging a weapon at an occupied building was improperly enhanced for use of a gun; (3) two great bodily injury enhancements were improper because they were not proven; (4) the trial court's failure to fix the degree of the robberies and burglaries for which he was convicted requires a reduction in the sentence; and (5) the trial court erred by failing to stay certain counts as required by Penal Code section 654. We affirm.

Nguyen was charged with numerous violent crimes in two informations, including kidnapping for the purpose of robbery, robbery, burglary, assault with a deadly weapon, shooting into an inhabited dwelling, and false imprisonment. On the trial date, he waived the constitutional rights necessary to have the court determine his guilt in both cases based upon the preliminary hearing transcripts. He also waived his right to appeal.

Nguyen was advised of the maximum possible term of 83 years to life, that he would probably be found guilty on all charges except kidnapping for the purpose of robbery, and that the court indicated an actual sentence of 30 years. The court found him guilty and sentenced him to 30 years in prison.[1]

---

[1]The convictions which resulted in unstayed terms of imprisonment were:

Case No. C-79211

| Base Term | Term Imposed |
| --- | --- |
| Count 30 (Pen. Code, §§ 211, 12022.5) | 11 yrs. (6+5) |

Subordinate Terms

| | |
| --- | --- |
| Count 2 (Pen. Code, §§ 211, 12022.5) | 1 yr. |
| Count 9 (Pen. Code, §§ 211, 12022.5, 12022.6) | 1 yr. |
| Count 12 (Pen. Code, §§ 211, 12022.5) | 1 yr. |
| Count 15 (Pen. Code, §§ 211, 12022.5) | 1 yr. |
| Count 18 (Pen. Code, §§ 211, 12022.5) | 1 yr. |
| Count 21 (Pen. Code, §§ 211, 12022.5) | 1 yr. |
| Count 24 (Pen. Code, §§ 211, 12022.5) | 1 yr. |
| Count 27 (Pen. Code, §§ 211, 12022.5) | 1.33 yrs. |
| Count 28 (Pen. Code, §§ 211, 12022.5, 12022.6) | 1.33 yrs. |
| Count 29 (Pen. Code, §§ 211, 12022.5) | 1.33 yrs. |

As we shall discuss, explication of the circumstances surrounding the crimes charged is unnecessary to determining the appeal.

## I

Preliminarily, the Attorney General urges Nguyen waived his right to appeal.[2] We address this issue first, as it could be dispositive.

We held in *People* v. *Castrillon* (1991) 227 Cal.App.3d 718 [278 Cal.Rptr. 121] that a criminal defendant could waive the right to appeal the denial of a motion to suppress evidence as part of a plea bargain, provided it was done voluntarily, knowingly and intelligently. (*Id.* at pp. 721-722.) There is no reason to limit the rule to appeals from the denial of motions to suppress evidence, as long as the prerequisites are met.[3] However, determining a defendant may waive the right to appeal does not define the scope of the waiver.

| Subordinate Terms (continued) | Term Imposed (continued) |
|---|---|
| Count 33 (Pen. Code, §§ 211, 12022.5) | .67 yrs. |
| Count 35 (Pen. Code, §§ 211, 12022.5) | .67 yrs. |
| Count 37 (Pen. Code, §§ 211, 12022.5) | .67 yrs. |
| Count 39 (Pen. Code, §§ 211, 12022.5) | .67 yrs. |
| Count 41 (Pen. Code, §§ 211, 12022.5) | .67 yrs. |
| | Subtotal 25.33 yrs. |
| Case No. C-78101 | |
| Base Term | Term Imposed |
| Count 5 (Pen. Code, §§ 246, 12022.5, 12022.7) | 1.67 yrs. |
| Subordinate Terms | |
| Count 1 (Pen. Code, §§ 245, 12022.5, 12022.7) | 1 yr. |
| Count 2 (Pen. Code, §§ 245, 12022.5, 12022.7) | 1 yr. |
| Count 3 (Pen. Code, §§ 245, 12022.5, 12022.7) | 1 yr. |
| | Subtotal 4.67 yrs. |
| | Total 30.00 yrs. |

[2] The Attorney General also filed a motion to dismiss the appeal on the same grounds.

[3] There might be circumstances so inherently coercive we would not find the waiver to be freely made. For example, if the trial court attempted to extract a waiver after trial by threatening, implicitly or explicitly, a greater sentence without the waiver, we would likely find the waiver was involuntary. (Compare *Brady* v. *United States* (1970) 397 U.S. 742 [25 L.Ed.2d 747, 90 S.Ct. 1463] [plea bargains are constitutionally permissible unless induced, inter alia, by promises having no proper relationship to the prosecutor's business].) On the

Nguyen points to *People* v. *Olson* (1989) 216 Cal.App.3d 601 [264 Cal.Rptr. 817] as authority for his assertion that a waiver of the right to appeal does not extend to sentences not imposed in accordance with a negotiated agreement or where other sentencing error occurs. The *Olson* court did make such a pronouncement in a footnote (*id.* at p. 604, fn. 2), but it was part of dictum suggesting courts and prosecutors extract such waivers. The case did not involve any such waiver and the comment was made as part of the court's expression of angst in resolving what it perceived to be a frivolous appeal. (*Id.* at pp. 604-605.) *Olson* does not constrain our determination of the scope of an appeal waiver.

■ To properly define the reach of such a waiver, we must be mindful of the context in which it normally will be made: a plea or sentence bargain.[4] Courts have traditionally viewed such bargains using the paradigm of contract law. (See, e.g., *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13 [136 Cal.Rptr. 409, 559 P.2d 1028] [discussing the availability of specific performance]; *People* v. *Jackson* (1981) 121 Cal.App.3d 862, 869 [176 Cal.Rptr. 166] [bargain invalidated due to impossibility]; but see *People* v. *Marsh* (1984) 36 Cal.3d 134, 140 [202 Cal.Rptr. 92, 679 P.2d 1033] [bargain does not require the consideration which would support a contract].) Using that analogy, courts should look first to the specific language of the agreement to ascertain the expressed intent of the parties. (See *Stevenson* v. *Oceanic Bank* (1990) 223 Cal.App.3d 306, 316 [272 Cal.Rptr. 757]; *Estate of Wemyss* (1975) 49 Cal.App.3d 53, 59 [122 Cal.Rptr. 134].)[5] Beyond that, the courts should seek to carry out the parties' reasonable expectations. (Civ. Code, § 1643; *County of Marin* v. *Assessment Appeals Bd.* (1976) 64 Cal.App.3d 319, 325 [134 Cal.Rptr. 349].)

Here, the words of the waiver did not connote its scope. We must determine what the parties' reasonable expectations were. This case involved

---

other hand, a pre-plea waiver is not inherently coercive. (*People* v. *Charles* (1985) 171 Cal.App.3d 552, 563 [217 Cal.Rptr. 402].)

Nguyen mentions the court never admonished him orally about the nature and consequences of the appeal waiver, and did not exact a verbal waiver. However, the plea form stated, "I understand I have the right to appeal this case after the court trial and sentencing. I hereby waive and give up this right." The trial court verified Nguyen read and understood the plea form and understood the rights he was giving up. This was sufficient. (*People* v. *Castrillon, supra,* 227 Cal.App.3d at p. 722.) Nonetheless, as we shall explain, trial courts are well advised to take such waivers orally, exacting the parties' understanding of the waiver's scope.

[4] A waiver which was not part of some quid pro quo could hardly be characterized as "intelligent." (See *People* v. *Castrillon, supra,* 227 Cal.App.3d at p. 721 [waiver must be intelligent].)

[5] For this reason it behooves the court to discuss the terms of the waiver thoroughly with the defendant.

a finding of guilt by submission on the preliminary hearing transcript. It was tantamount to a guilty plea, and the process is sometimes referred to as a "slow plea." (*People* v. *Robertson* (1989) 48 Cal.3d 18, 39-40 [255 Cal.Rptr. 631, 767 P.2d 1109]; see also *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086].) Nguyen executed a guilty plea form and, although the proceeding was referred to as a court trial, he did not put on any defense. The court informed him it would "in all probability" find him guilty on all counts except the kidnapping for robbery charges, which carried life sentences. Immediately after taking waivers of the applicable trial rights, the court did just that.

■ Although this was a "slow plea," Nguyen ordinarily would have retained full appellate rights, including the right to argue the insufficiency of the evidence. (*Bunnell* v. *Superior Court*, *supra*, 13 Cal.3d at p. 604.) A waiver under these circumstances surely encompasses sufficiency of the evidence issues. They would be virtually the only issues which could be raised concerning the "trial" itself.[6]

The remaining issues necessarily concern sentencing error or problems with the judgment. The parties should reasonably expect certain issues would not be waived, including acts beyond the court's jurisdiction. (See, e.g., *People* v. *Jones* (1989) 210 Cal.App.3d 124, 136 [258 Cal.Rptr. 294] [parties may not agree to invest the court with fundamental jurisdiction].) For example, the parties could not reasonably expect the defendant would be convicted of a crime not contained in the information or indictment.[7]

Other possible errors depend upon the nature of the plea agreement. The defendant always retains the right to complain the sentence was in excess of the bargain. (See *In re Stanley* (1976) 62 Cal.App.3d 71, 77 [131 Cal.Rptr. 608] [trial court cannot impose sentence in excess of bargain].) Otherwise, a deprivation of the benefit of that bargain might arise, for which the waiver of appeal was presumably part of the quid pro quo.[8] Fundamental fairness requires a means of redress for a breach of the bargain.

Nguyen argues the defendant should retain all appellate rights relating to sentencing error, citing *Bunnell* v. *Superior Court*, *supra*, 13 Cal.3d 592 and reasoning "a defendant who submits his cause on the transcript ordinarily waives only the right to a jury trial and the right to appeal issues connected to his court trial." That statement is at odds with *Bunnell*, where the court

---

[6]There would be no evidentiary or instructional error.

[7]The only exception would be if it were a necessarily included offense or a consented-to lesser related offense.

[8]As we have noted, the absence of any quid pro quo for an appeal waiver would render it unenforceable.

held the defendant *preserves* trial issues such as sufficiency of the evidence. (*Id.* at p. 604.) And, it begs the question: What is the scope of appellate rights when the defendant expressly waives the right to appeal? *Bunnell* did not address that problem because no waiver was involved.

Alternatively, Nguyen implicitly argues the waiver was invalid because he did not bargain for a specified term of imprisonment.[9] Although we see no reason at first blush why a waiver could not be valid where the defendant bargains for an indefinite ("not more than x years") term, we need not answer that question here.

The indicated sentence was 30 years. Although the court did not recite it on the record, it appears in two places on the plea form. Despite some ambiguity in the language and circumstances,[10] we find there was a bargain for 30 years. First, the court actually imposed a 30-year sentence, with the intent to comply with the indicated sentence. Neither party argued against it. The district attorney offered a memorandum suggesting how the court could impose the 30-year sentence and Nguyen's attorney submitted on it.[11] Whatever vagaries were inherent in the plea form,[12] after sentencing a de facto bargain had been effectuated, and for purposes of examining an appeal waiver, it was for a sentence certain.

■ Where defendants have pleaded guilty in return for a specified sentence, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack fundamental jurisdiction. (*People* v. *Jones, supra,* 210 Cal.App.3d 124, 132-136 [defendant estopped from arguing improper dual imposition of enhancement]; see also *People* v. *Beebe* (1989) 216 Cal.App.3d 927, 932-933 [265 Cal.Rptr. 242] [defendant was estopped from withdrawing from plea bargain where "straight" felony would be reduced to misdemeanor]; *People* v. *Olson, supra,* 216 Cal.App.3d 601, 603 [court

---

[9]We say "implicitly" because Nguyen discusses the specified term concept in distinguishing *People* v. *Olson, supra,* 216 Cal.App.3d 601, but does not express the import of the distinction in concrete terms.

[10]In one place it stated, "The court has indicated a sentence of 30 yrs. *may* be appropriate. The court is not bound to impose its indicated sentence, but I am bound by my plea of guilty." (Original italics.) All of that language was preprinted, except for the number of years. Three lines below, a handwritten entry said, "The court has indicated a sentence of thirty years on this case."

[11]At sentencing Nguyen submitted a motion for new trial and withdrawal of jury trial waiver, asserting the interpreter said the indicated sentence was not more than 30 *months* rather than 30 years. The court disbelieved Nguyen and denied the motion. Nguyen does not dispute this resolution on appeal.

[12]We suspect these are a product of the prohibition in Penal Code section 1192.7 against plea bargaining serious felonies.

declines to redress dual-use-of-facts error].) The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to "trifle with the courts" by attempting to better the bargain through the appellate process. (*People* v. *Beebe, supra,* 216 Cal.App.3d at p. 932.) It is especially appropriate to enforce an appeal waiver as to such issues. With these principles in mind we review Nguyen's claims of error.

## II

■ Nguyen contends the abstract of judgment must be corrected to accurately reflect his convictions were for second degree robbery on counts 2 and 9 in case number C-79211. He urges the counts say "1st degree robbery" but they list Penal Code section 212.5, subdivision (b) which defines second degree robbery.

The waiver precludes consideration of this issue. If he had been charged unambiguously with second degree robbery but convicted of first degree robbery, the waiver might not apply since he would have been convicted of a greater offense than the one charged. But the information was ambiguous. Nguyen had an opportunity to correct it in the trial court. It is not cognizable on appeal.

## III

■ Nguyen argues his conviction for discharging a weapon at an occupied building was improperly enhanced for use of a gun. The claim is essentially grounded on an alleged dual use of facts because gun use is inherent in discharging a weapon at an occupied building. This argument is also encompassed by his waiver.

## IV

■ Nguyen urges two great bodily injury enhancements were improper because they were not proven. This is a sufficiency of evidence claim which is encompassed by the waiver.

## V

■ Nguyen contends the trial court's failure to fix the degree of the robberies and burglaries for which he was convicted requires a reduction in the sentence. Relief on this claim would allow Nguyen to "trifle with the courts" to obtain a reduction in his bargained-for sentence, and is likewise encompassed by the waiver. (*People* v. *Beebe, supra,* 216 Cal.App.3d at p. 932.)

## VI

■ Nguyen argues the trial court erred by failing to stay certain counts as required by Penal Code section 654. This is also the type of complaint reasonably encompassed by the appeal waiver. (See Cal. Rules of Court, rule 412(b) [agreement to a specified sentence abandons any Pen. Code, § 654 claims].) Finding error would not affect the term of imprisonment.

## VII

In conclusion, we note a bargained waiver of appellate rights can be an effective tool for judicial economy. It provides a means of eliminating appeals directed solely toward "technical" sentencing issues, and precludes unfair attempts to alter the bargain. The defendant, court, and skilled counsel can determine in any given case whether the proposed disposition merits such a waiver.

Here, Nguyen bargained for a 30-year term and he received it. Even if we found reversible error in the sentence, the court had 28 other stayed counts by which it could have reached 30 years.[13] Reversal would be an exercise in futility.

Our explication of each of Nguyen's claims demonstrates the appropriate application of the rules we have developed for waivers, and in that sense we have effectively allowed the appeal. However, this opinion should guide appellate counsel in deciding whether review may be had, and therefore sought. And, in future cases, applications for dismissal may be granted without opinion or with only a cursory one.

The motion to dismiss the appeal is denied. The judgment is affirmed.

Sills, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied March 4, 1993.

---

[13]We are not presented with, and do not purport to decide, whether a defendant may validly waive appellate review of sentencing issues when it was impossible for the court to reach the bargained term by proper sentencing means.