[No. B085330. Second Dist., Div. Four. Mar. 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES K. BERKOWITZ, Defendant and Appellant.

---

COUNSEL

Kevin C. McLean, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Robert W. Hicks, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

EPSTEIN, J.—In this case, we uphold a defendant's waiver of the right to appeal, given in the context of a plea bargain entered into after denial of a suppression motion. Because we conclude the waiver is effective, we shall dismiss the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

The appellant, Charles K. Berkowitz, appeals after a conviction of attempted grand theft (Pen. Code, §§ 664/487, subd. (a); all further code citations are to that code) and grand theft. The conviction is the product of a plea bargain reached after appellant's motion to suppress (§ 1538.5) was denied. He relies on the express provision of subdivision (m) of that statute, which allows an appeal after a guilty or no contest plea for the purpose of challenging the suppression issues.

A summary of the facts giving rise to the underlying charges is not germane to the issues raised by the parties. Because we conclude appellant waived his right to appeal under section 1538.5, subdivision (m), we discuss the facts relevant to the suppression motion only to establish the context of the plea and waiver.

About 5:30 a.m. on a December morning, Los Angeles Police Department officers received a radio call that a man had been seen looking into a laundry store with a flashlight. The information received identified the man, and indicated that he had driven a Thunderbird vehicle to the scene. The officers

went to the area, found the automobile and the laundry, and spotted appellant some distance away. Appellant matched the description given. He was detained and taken back to the location. As the officers came up to the vehicle, appellant declared that it was his car. He had not been given *Miranda* rights up to that point. (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].) Later, in custody, he consented to a search of the home he lived in, which he shared with his brother.

Appellant, under arrest, was taken to the residence by police. The other occupant, Robert Berkowitz, was told that appellant had consented to a search of the premises, and was asked whether he would consent to a search. Robert Berkowitz consented to the search. The search was then conducted, and evidence tending to incriminate appellant was found in the room he occupied in the residence.

Appellant was charged with one count of attempted grand theft, one count of completed grand theft, and two counts of receiving stolen property (§ 496). Seven separate prior prison term enhancements were charged under section 667.5, subdivision (b).

Appellant moved to suppress all statements made after his initial detention, and all evidence seized in the car and the residence. Evidence at the suppression hearing was conflicting as to whether Robert Berkowitz had access to the room occupied by appellant. Substantial evidence was presented that he did have access to the entire residence, including that room.

The trial judge initially granted the suppression motion with respect to appellant's statement identifying the Thunderbird, all subsequent statements by him, and evidence seized in the car. The motion was denied as it related to evidence found at the residence. After hearing testimony and further argument, the court reaffirmed its ruling. Its decision not to suppress evidence found in the residence was based on the consent to search by appellant's brother who, the court found, had actual and apparent authority to consent to a search of the entire residence.

Immediately after the court's initial ruling on the suppression motion, appellant's attorney raised the subject of a negotiated disposition. He asked the court whether it would accept a plea under which appellant would receive a term of two years, four months (sixteen months for one of the counts, and a single one-year enhancement). The trial judge stated that he had offered appellant four years at one time, but that appellant had turned it down, and that he had offered a three-year term, "which is an extremely

generous offer," but that he would not negotiate with appellant. The three-year offer was renewed, and rejected. The trial judge stated that he would never again offer three years, and that he thought a five-year term was appropriate.

The case was then set for trial. Eventually, it was transferred to the master calendar department where the plea disposition was made. Pursuant to that agreement, appellant received the midterm of two years on the grand theft count, with a concurrent term for attempted grand theft. Custody credit was recognized, and a $200 restitution fine was imposed.

Appellant filed a timely notice of appeal. Respondent filed a motion in this court to dismiss the appeal because appellant had waived his right to appeal as part of the plea bargain. Appellant filed argument opposing the motion. We denied the motion without prejudice to the issue being renewed in the briefing. Respondent has renewed it in its brief. Appellant has not filed a reply brief, but we shall consider his earlier opposition to respondent's motion to dismiss as opposition to respondent's argument on this issue.

## DISCUSSION

Because of the view we take of the waiver of appeal, a detailed discussion of the trial court's ruling on the consent issue is not required. We note only that the record supports the trial court's conclusion that appellant's brother had authority to consent to a search of the entire residence. ■ Consent by a single cotenant with such authority is sufficient, even though another tenant refuses to consent. (*United States* v. *Matlock* (1974) 415 U.S. 164, 171 [39 L.Ed.2d 242, 249-250, 94 S.Ct. 988]; *People* v. *Haskett* (1982) 30 Cal.3d 841, 856 [180 Cal.Rptr. 640, 640 P.2d 776].) Even if the consenting cotenant, in fact, lacks actual authority, officers may rely on his or her apparent authority. (*Illinois* v. *Rodriguez* (1990) 497 U.S. 177 [111 L.Ed.2d 148, 110 S.Ct. 2793].) The trial court found that the brother had such apparent authority, exercised it, and that the officers relied on it.

On the issue of waiver, we begin with the colloquy. Appellant appeared before the court with counsel, who stated that appellant was prepared to enter a plea and to be immediately sentenced. The terms of the sentence (two years on one count, concurrent with a term on another count, and credit for custody since the date of arrest) were recited, and appellant was asked if this was his understanding of the disposition; whether he had had enough time to talk to his attorney about it; and whether he had discussed with counsel the nature of the charges, the possible defenses to them, and the consequences of his plea. He answered "yes" to each of these questions.

Specific waivers were then taken to the rights to jury trial, confrontation and cross-examination, and self-incrimination. The court continued:

"You also have the right to have a court trial if both sides agree. You have the right to present a defense to these charges. You have the right to use the subpoena power of the court at no cost to you to have witnesses and evidence brought in for your defense.

"You can also testify as a witness in your own defense if you choose to do so. *You also have a right of appeal.* By pleading guilty this morning, you are giving up each of those other rights as well. [Italics added.]

"Do you understand that?

"[Appellant answered], 'yes.' "

(Actually, appellant pleaded "no contest.")

The court then explained the consequences of the plea in terms of the sentence that would be imposed, parole, the effect on any present probation, the restitution fine, and the priorability of the conviction. It asked appellant if he understood what had been explained. Once again, appellant answered in the affirmative. He said he had no questions for the court or for his attorney. The plea was then entered and sentence imposed. The court specifically found that appellant was advised of his applicable rights and understood them, that his waivers were knowingly and intelligently made, and that his plea was freely and voluntarily entered with an understanding of its nature and consequences.

The leading case on waiver of appeal is *People v. Charles* (1985) 171 Cal.App.3d 552 [217 Cal.Rptr. 402]. That case, like the case before us, involved an appeal based on section 1538.5, subdivision (m). And, like our case, it arose in the context of a waiver of the right to appeal given in a plea bargain. The court pointed out that the right to appeal is purely statutory, since neither the federal nor the state Constitution provides for it. (See *Abney v. United States* (1977) 431 U.S. 651, 656 [52 L.Ed.2d 651, 657-658, 97 S.Ct. 2034], and cases cited at 171 Cal.App.3d at p. 557.) ▮ The general rule in California is that a defendant's appeal is not recognized after a plea of guilty, since that plea establishes the essential elements of the crime and waives nonjurisdictional defects. Section 1538.5, subdivision (m) is an exception to that rule. Before its enactment in 1967, suppression issues could not be challenged once a valid guilty plea had been entered. (*People v. Charles, supra,* 171 Cal.App.3d at pp. 557, 558.) ▮ The court surveyed

authorities in California and other jurisdictions, and concluded that "a criminal defendant may waive his or her statutory right to appeal the trial court's ruling on the suppression motion and that such waiver may be made a condition of a plea agreement. As long as the record shows that the waiver was free, knowing and intelligent . . . , it must be upheld as a part of the plea agreement and the defendant will be forever barred from raising the search and seizure issue on appeal notwithstanding section 1538.5, subdivision (m)." (*Id.* at pp. 563-564.)

The *Charles* case has been consistently followed by later decisions. (*People* v. *Castrillon* (1991) 227 Cal.App.3d 718 [278 Cal.Rptr. 121]; *People* v. *Nguyen* (1993) 13 Cal.App.4th 114 [16 Cal.Rptr.2d 490]; *People* v. *Vargas* (1993) 13 Cal.App.4th 1653 [17 Cal.Rptr.2d 445]; *People* v. *Kelly* (1994) 22 Cal.App.4th 533 [27 Cal.Rptr.2d 383].)

■ Appellant acknowledges this, but argues that the rule of these decisions should not apply in this case, for two reasons. First, he argues the trial court did not specifically tell him that the waiver of appeal concerned suppression issues, leaving him to suppose it related to the merits of the charges against him. That argument was rejected in *People* v. *Kelly, supra,* 22 Cal.App.4th at page 535. So long as the waiver is voluntary, knowing, and intelligent, there is no basis to set it aside. Its scope must be analyzed in terms of the reasonable expectation of the parties. (*Id.* at p. 536; *People* v. *Nguyen, supra,* 13 Cal.App.4th at p. 120.)

In this case, appellant was facing a maximum term of nearly 12 years. (Three years as the high base term for grand theft; two 8-month terms and one 4-month term, each the midterm for one of the other three counts; and one year for each of the seven prior prison terms, since the double-the-base-term limitation of section 1170.1, subdivision (g) does not apply to those enhancements (*People* v. *Prather* (1990) 50 Cal.3d 428, 437 [267 Cal.Rptr. 605, 787 P.2d 1012]); the total is eleven years, eight months.) He had rejected the offer of a three-year term, and the last offer was for a five-year term. Given his appalling record, the two-year term he received was obviously attractive. It certainly was the motivation for the plea. The People received the extinguishment of whatever risk of reversal might have existed from the partial denial of appellant's suppression motion.

We see no reason not to accord the waiver its plain meaning: a waiver of whatever appellate rights appellant may have had. Since the sentence imposed by the trial court was that which had been promised, and was within the authority of the court to impose, the only issues that could have been appealed were those related to the partial denial of appellant's suppression motion. That is what he waived.

Appellant also argues that a waiver of appeal must be in writing in order to be enforceable. He relies on language in *People* v. *Castrillon, supra*, 227 Cal.App.3d 718. That case does refer to the validity of a written waiver of appellate rights, but it does so because that was the form of waiver in the case. The actual holding is that an *oral* waiver is not required. (*Id.* at p. 722.) There is no suggestion in the decision that a written waiver is required. We need not rely on the doctrine that decisions are not authority for issues they do not consider (see *People* v. *Heitzman* (1994) 9 Cal.4th 189, 209 [37 Cal.Rptr.2d 236, 886 P.2d 1229]), for in *People* v. *Nguyen, supra*, 13 Cal.App.4th at page 119, the same author and panel that decided *Castrillon* characterized that case as holding that a criminal defendant may waive the right to appeal denial of a suppression motion as part of a plea bargain. The court said nothing about a writing being required.

While all of the cases cited involved written waivers, none requires a writing, and we see no reason why such a requirement should be imposed. If the waiver is voluntary, knowing, and intelligent, as the trial court found this one to be, it should be enforced according to its terms. Our disposition accomplishes that result.

As the *Nguyen* court points out, "a bargained waiver of appellate rights can be an effective tool for judicial economy. It provides a means of eliminating appeals directed solely toward 'technical' sentencing issues, and precludes unfair attempts to alter the bargain. The defendant, court, and skilled counsel can determine in any given case whether the proposed disposition merits such a waiver." (13 Cal.App.4th at p. 124.)

DISPOSITION

The appeal is dismissed.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.