Filed 11/19/14  P. v. Perkins-Grubbs CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE, | C074245 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035262) |
| v. | |
| JAIRO ALONZO PERKINS-GRUBBS, | |
| Defendant and Appellant. | |

Defendant Jairo Alonzo Perkins-Grubbs was charged by information with 20 arson related counts, nine of which alleged use of an accelerant in the commission of the offense.  It was also alleged that defendant served two separate prior prison terms and had a prior conviction in Michigan that constituted a strike in California.

Following the denial of defendant's suppression motion (Pen. Code, § 1538.5),[1] he entered into a plea bargain whereby he pled guilty to one count of arson of an inhabited structure (§ 451, subd. (b); count 7), two counts of arson of a structure or forest land

_____

[1] References to undesignated statutes are to the Penal Code.

1

(§ 451, subd. (c); counts 13 & 14), and admitted the prior conviction in Michigan as being a strike in California. In exchange for defendant's pleas and admission, the court dismissed the remaining counts and allegations. Defendant waived his right to appeal any issue other than sentencing error. Defendant was sentenced to 21 years 4 months in state prison.

On appeal, defendant contends (1) reversal of the judgment is required because the trial court erred in denying his suppression motion, (2) the prior strike conviction must be set aside because his admission was not knowingly and voluntarily entered, and (3) the restitution fine of $280 must be reduced to $200 because the court intended to impose the minimum amount allowable.[2] We reject all of defendant's contentions.

## DISCUSSION

### I

On June 26, 2012, the trial court denied defendant's section 1538.5 motion. On April 2, 2013, defendant entered into the above described negotiated plea, which included a change of plea form filled out by defendant and contained the following: "I understand as a term and condition of this plea that I <u>waive</u> any direct appeal I may have, absent **any appeal to sentencing error**."

In his opening brief, defendant challenged the trial court's denial of his suppression motion on the merits but made no reference to his waiver of all issues on direct appeal, other than those going to sentencing error. The omission, however, did not escape the People's notice. Citing defendant's waiver, and noting it was part of the negotiated plea, the People argue that any challenge to the suppression motion has been waived. We agree.

---

[2] Defendant obtained three certificates of probable cause.

In *People v. Berkowitz* (1995) 34 Cal.App.4th 671 (*Berkowitz*), after the trial court denied the defendant's section 1538.5 suppression motion, the defendant entered into a plea bargain which included a waiver of his right to appeal. (*Berkowitz,* at pp. 673-675.) On appeal, the defendant sought to challenge the denial of his section 1538.5 suppression motion, and the People moved to dismiss the appeal based on defendant's waiver. (*Berkowitz,* at p. 675.) Agreeing with the People, the appellate court held that as long as the record shows that the waiver of the right to appeal was knowingly, intelligently, and voluntarily entered, it was to be given effect. (*Id.* at pp. 675-678.)

In his reply brief, defendant argues the waiver of his right to appeal contained in the change of plea form should not be given effect because: (1) the record raises a question whether the waiver was knowingly, voluntarily, and intelligently entered because the trial court never reviewed or discussed the waiver with defendant; (2) it is inappropriate to rely on a form waiver alone because the form "is similar to an adhesion contract that should be construed in [defendant's] favor"; (3) the longstanding policy in this state favors appellate review of the denial of suppression motions; and (4) judicial economy favors permitting defendant to challenge the denial of his suppression motion on direct appeal rather than pursuing less efficient and time-consuming challenges by way of extraordinary writ. The argument is not persuasive.

Absent something in the record raising a doubt that the defendant understood and knowingly waived his appeal rights, a written waiver of those rights by the defendant, coupled with the defendant and his attorney's attestations to the court that defendant understood and voluntarily relinquished each right, is sufficient to establish that a defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made. (*People v. Panizzon* (1996) 13 Cal.4th 68, 84 (*Panizzon*).)

The circumstances of the present case, at the least, meet the criteria set forth in *Panizzon*. In taking defendant's plea, the court went over the plea form with him. The court asked defendant if he had enough time to discuss the matter with his attorney and if

3

he had informed his attorney of all the facts he knew about the case.  Defendant answered "yes" to both queries.  The court asked defendant if he had gone over the form "carefully" with his attorney and if he "read and underst[ood] it," to which defendant replied that he had done so.  The court asked defendant whether he had "[a]ny questions at all" regarding what the form means, and defendant replied, "No."  The court asked defendant's attorney if he believed that defendant "fully understands the contents, nature and effect of this change of plea form," and counsel responded affirmatively.

At the end of the plea form, is the following declaration by defendant made under penalty of perjury:  ". . . I have read, understood, and initialed each item above, and everything on the form is true and correct."  This is followed by defendant's signature. Defendant's attorney then attested that he had (1) reviewed the form with defendant; (2) explained to defendant his rights; (3) answered all his questions regarding the plea; and (4) explained to defendant "the content, substance, and meaning of all items and paragraphs initialed by him . . . ."

Accordingly, the record establishes that defendant's waiver was knowingly, voluntarily, and intelligently entered without further inquiry by the court.

Defendant claims "the record supports the conclusion the trial court did not understand the waiver [of defendant's right to appeal] to be effective" as to his suppression motion because "[t]he trial court not once, not twice, but three times issued a certificate of probable cause as requested by [defendant] in his three notices of appeal." The point is not well taken.  Judge Steven J. Howell presided over defendant's entry of plea and sentencing.  Over three months later, Judge James F. Reilley granted defendant's three requests for certificates of probable cause.  Accordingly, Judge Reilley's thought process in granting the certificate of probable cause could not have influenced Judge Howell's mental state over three months before when he accepted defendant's plea.

Defendant contends "[i]n light of the adhesive nature of the plea form, [and] the lack of any review of the waiver of appellate rights by the trial court, the purported

waiver on the form should be rejected." We disagree. Assuming the plea form is an adhesion contract, the Supreme Court has made it clear that in determining whether a defendant's waiver of his right to appeal is knowingly, voluntarily, and intelligently entered, review of the waiver with the defendant is not required where both the defendant and his attorney have signed a waiver form, both have attested to defendant's knowing and voluntary relinquishment of his rights and the trial court's examination of the defendant and his attorney raised no questions regarding the defendant's comprehension of his rights or the consequences of his plea. (*Panizzon, supra*, 13 Cal.4th at pp. 83-84.) Again, the waiver was appropriately entered.

Defendant argues we should grant review of his section 1538.5 motion because the Legislature has made the obtaining of a certificate of probable cause unnecessary for appellate review of such motions, which, in turn, shows the Legislature favors such review. That the Legislature has afforded a defendant appellate review says nothing regarding whether the right to review may be waived by the defendant. And it may be so waived: "[T]he conclusion is inescapable that if constitutional rights of utmost significance [(such as *Boykin/Tahl* rights)[3]] may be surrendered by the defendant in order to achieve the well-recognized benefits of the plea agreement, a statutory and less fundamental right (such as the right to appeal from an adverse ruling on the legality of search) may also be validly waived provided such waiver is knowing, free and intelligent." (*People v. Charles* (1985) 171 Cal.App.3d 552, 559.) Moreover, our granting review of defendant's suppression motion would deprive the People of an integral part of the plea bargain which was negotiated. We simply are not free to alter that bargain.

---

[3] *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d. 122.

Finally, defendant argues that our failure to review his section 1538.5 motion will leave him the sole option of attacking the denial by way of an extraordinary writ, which is not in the best interests of judicial economy.  Defendant fails to cite what writ would be available or to make any argument on the point.  Accordingly, we need not address the merits of his claim.  (See *People v. Jones* (1998) 17 Cal.4th 279, 304 [where defendant presents "claim perfunctorily and without supporting argument," appellate court may reject it in a similar fashion].)

## II

Defendant contends that his admission of his prior conviction in Michigan, which was a strike in California, was not voluntarily and intelligently entered.  While there was error, the error is not fatal to the admission.

Whether a defendant's admission of a prior conviction is voluntarily and intelligently entered is determined under the totality of the circumstances.  (*People v. Mosby* (2004) 33 Cal.4th 353, 356; *People v. Hinton* (2006) 37 Cal.4th 839, 875, fn. 12.)

Here, the information charged defendant with a prior conviction that was "a serious or violent felony" within the meaning of "Penal Code sections 1170.12 [subdivision] (a) through (d) and 667 [subdivision] (b) through (i) . . . ."  The information described the prior only as case No. 99004231, a violation of section 750.218[4] of the Michigan Penal Code, bearing a conviction date of May 18, 2000, out of the 37th Circuit Court of Battle Creek, Michigan.  The change of plea form indicated defendant would be admitting a "prior strike."  In accepting defendant's plea, the court, in defendant's presence, discussed with defendant's counsel and the prosecutor that they had reviewed the records of the Michigan conviction and they agreed it was a strike.  The court then addressed defendant:  "And are you admitting that you suffered a prior strike conviction

---

[4] Unfortunately, Michigan Penal Code section 750.218 is for theft by false pretenses. (Mich. Comp. Laws § 750.218.)

6

out of Michigan as alleged . . . [in] the Information, . . . conviction date is 5-18-2000 out of Calhoun County and I'm told it was an attempted arson." Defendant replied, "I do."

On June 18, 2012, the date of sentencing, the court revisited defendant's admission of the prior strike. It was defendant who had pointed out that the prior conviction, as charged in the information by the case number and date of conviction was his prior conviction for false pretenses, not attempted arson. The prosecutor and defense counsel stated it had been their intent that defendant admit his prior strike conviction of attempted arson, and the court stated that was the court's intent also.

The court asked defendant if he remembered the court having gone into detail regarding the doubling of his sentence because of the strike, and the strike making him ineligible for probation. Defendant said he remembered. At the People's request, the court amended the information to allege the proper prior strike conviction. The court then sought to confirm with defendant, that when he entered his admission, it was his intent to admit the prior conviction was for attempted arson, not embezzlement. Three times defendant replied "No," that was not his intent. The court set the matter over to obtain a transcript of the plea.

On June 26, 2012, the sentencing hearing resumed. The court stated it had read the reporter's transcript of defendant's admission of the prior conviction, noted that the prosecutor had described the prior and that defendant was admitting the prior as "attempted arson of a structure." The court also noted that in taking defendant's admission, the court referenced the prior as "attempted arson." The court concluded defendant's admission was valid and proceeded to sentencing.

Defendant argues that the proceedings accompanying his admission caused him to be "confused [as to] what he was admitting," and the "record provides no clarity that [he] knowingly, intelligently, or voluntary waived his constitutional rights . . . ." The foregoing record belies defendant's assertion. The discussions between the court, the prosecutor, defense counsel, and defendant, coupled with defendant's acknowledgement

7

on the change of plea form that he was admitting a prior strike, make it abundantly clear that defendant knew he admitted a prior strike conviction. "[E]ven if the accusatory pleading is unclear a defendant must demonstrate prejudice." (*People v. Scott* (1991) 229 Cal.App.3d 707, 716.) Accordingly, defendant suffered no prejudice whatsoever in the trial court's amending the accusatory pleading to charge what all parties knew was clearly intended.

### III

In 2011, the year in which defendant committed the crimes for which he was convicted, the restitution fines provided by former sections 1202.4, subdivision (b)(1) and 1202.45, ranged from a minimum of $200 to a maximum of $10,000. In 2013, the year in which defendant was sentenced, the minimum amount of the restitution fines had been increased to $280, while the maximum amount remained unchanged.[5] Because the court imposed $280 fines, defendant concludes that it intended to impose the minimum amount applicable, which actually was $200, but the court incorrectly used the minimum applicable in 2013. This, according to defendant, resulted in an unauthorized sentence as well as violations of the ex post facto and due process principles. On this record, we reject defendant's claims.

First, the imposition of the $280 restitution fines did not result in an unauthorized sentence. "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994)

---

[5] In relevant part, section 1202.4, former subdivision (b)(1), as amended in 2011, provides: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014 . . . ." Section 1202.45, subdivision (a), the mandatory parole revocation restitution fine, is to be imposed in the same amount as that imposed under section 1202.4, subdivision (b).

9 Cal.4th 331, 354.)  The record is silent as to why the court chose the $280 figure, but that figure is clearly within the $200 to $10,000 range in effect at the time defendant committed his offenses.  "[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion.  [Citations.]"  (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.)  Accordingly, the court was authorized to impose the $280 restitution fines.

Defendant contends the imposition of the $280 restitution fines violated ex post facto principles.  He is wrong.  "It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions."  (*People v. Souza* (2012) 54 Cal.4th 90, 143.)  Additionally, restitution fines are assessed based on the version of section 1202.4 in effect on the date the defendant committed his or her criminal offense or offenses, not the date upon which the defendant was sentenced.  (*People v. Souza*, at p. 143.)

Defendant's argument is based upon the same incorrect conclusion he advanced in the preceding section, namely, that the court's use of the $280 figure demonstrates the court was relying on the 2013 amendment to section 1202.4.  The record simply does not support such a conclusion; accordingly, defendant's ex post facto contention is rejected.

Defendant's reliance on *Peugh v. United States* (2013) 569 U.S. ___ [186 L.Ed.2d 84] (*Peugh*), is misplaced.  At the time Peugh committed his offenses, the federal sentencing guidelines (guidelines) called for a sentencing range of 30 to 37 months. Peugh was sentenced in 2010, and the guidelines applicable at that time ranged from 70 to 87 months.  Peugh was sentenced to 70 months.  The Supreme Court found the 70-month term violated ex post facto consideration because the term exceeded the maximum term in effect when Peugh's crimes were committed.  (*Peugh*, *supra*, 186 L.Ed.2d at pp.

93-94.)  In the instant case, the $280 fines were well within the range applicable to defendant when he committed his offenses.  Hence, *Peugh* is of no aid to defendant.

Defendant asserts that the $280 restitution fines violated his due process rights; however, he makes neither argument nor citation to authority in support of the assertion. Where defendant fails to offer authority or argument in support of his claim, we need not, and do not, consider it.  (*People v. Redd* (2010) 48 Cal.4th 691, 744.)

## DISPOSITION

The judgment is affirmed.

         BLEASE         , Acting P. J.

We concur:

         ROBIE         , J.

         MAURO         , J.