Filed 6/23/16  P. v. Morales CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ARNULFO AQUINO MORALES,<br><br>　　　Defendant and Appellant. | B264358<br><br>(Los Angeles County<br>Super. Ct. No. VA041282) |

APPEAL from an order of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Affirmed.

Cabrera & Hart, Michael S. Cabrera, Kristen M. Hart, Tracy L. Conaway for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Arnulfo Morales appeals from an order denying his motion to vacate his 1997 felony conviction for a violation of Penal Code section 237.5, obtained pursuant to a plea agreement. Morales contends that the superior court abused its discretion in concluding that he was properly advised of the potential immigration consequences of his plea. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 1997, the People filed a felony complaint against Morales, charging him with one count of willful infliction of corporal injury resulting in a traumatic condition upon a victim who is the offender's spouse, former spouse, cohabitant or former cohabitant, fiancé, or parent of the offender's child. (Pen. Code, § 237.5, subds. (a), (b).) The complaint further alleged as an enhancement that appellant personally used a deadly and dangerous weapon, a knife (Pen. Code, § 12022, subd. (b)(1)), and that as a result the offense was alleged to be a serious felony (Pen. Code, § 1192.7, subd. (c)(23)). He faced a potential sentence of five years in prison.

On April 23, 1997, Morales pleaded no contest to one count of felony domestic violence. He was sentenced to time served, totaling 90 days, and placed on formal probation for three years.

On February 1, 2013, Morales received a notice of hearing regarding removal proceedings, which was scheduled for June 10, 2014.

Morales filed his motion to vacate the plea on January 26, 2015, alleging that he was not informed by his counsel of the immigration consequences of the plea. In the motion he argues that "had [he] been informed that he would be forced to leave the only home that he has known for over 20 years, and abandon his family, he would have obtained Counsel regarding his immigration consequences."

In opposition to the motion, the People produced a written waiver executed at the time of Morales's plea pursuant to *In re Tahl* (1969) 1 Cal.3d 122, which contains the signatures of Morales and his counsel, Anna Armenta-Rigor. The *Tahl* waiver contains initials in certain boxes, while other boxes are marked with an "X" to indicate that they do not apply. Box 10 on the waiver form states that "I understand that if I am not a

2

citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The electronic version of the document filed with the superior court showed a mark in box 10 that was not, based on the scanned version, clearly a set of initials or an "X."

In opposition to the motion to vacate the plea, the People also provided "a print out from what appears to be an internal system, as it does not look like a standard minute order or docket report and was not available to defense counsel through a records search via archives." The opposition to the motion to vacate the plea, including the minute order, was not provided as part of the record made available to this Court. At the hearing, Deputy District Attorney Franco Baratta stated that "the minutes of the court indicat[e] that the defendant was advised pursuant to [Penal Code section] 1016, verbatim, of the rights that are required to be given to him prior to a plea."

The superior court, after reviewing the executed waiver and the minute order, found that the mark in the box regarding immigration consequences "definitely doesn't look like an X like the boxes that are crossed off." The superior court concluded that "unless there is some reason for me to believe that the minute order isn't correct, along with the *Tahl* waiver, I'm not inclined to grant the motion." The motion was denied pursuant to a minute order entered on April 21, 2015. Morales filed his notice of appeal on May 14, 2015.

**DISCUSSION**

An order of a trial court denying a motion to vacate a plea pursuant to Penal Code section 1016.5 is an appealable order, which is reviewed for abuse of discretion. (*People v. Totari* (2002) 28 Cal.4th 876, 887; *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.) A reviewing court "must adopt the trial court's factual findings if substantial evidence supports them." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Penal Code section 1016.5 requires that, before accepting a plea of guilty or nolo contendere to any criminal offense, the trial court must advise the defendant that if he or she is not a United States citizen, "conviction of the offense for which [the defendant has]

3

been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Pen. Code, § 1016.5, subd. (a).) The statute allows the defendant to move to vacate the judgment if the trial court fails to give the required advisements, and states that "[a]bsent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (Pen. Code, § 1016.5, subd. (b).)

In order to prevail on a motion to vacate pursuant to Penal Code section 1016.5, "a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement." (*People v. Totari*, *supra*, 28 Cal.4th at p. 884.)

Morales contends that he "does not recall the court or any of the attorneys present informing him that he would be deported, excluded from admission to the United States and denied naturalization at any point in the future as a result of his conviction." He argues that his contention cannot be refuted by the People because the transcript of the hearing in which he pleaded no contest was destroyed pursuant to Government Code section 69955, that the minute order alone is insufficient to establish that the advisements were properly given, and that it is unclear whether box 10 on the *Tahl* waiver is initialed. He also argues that a Spanish language interpreter did not sign the form.

A court "may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment." (*People v. Panizzon* (1996) 13 Cal.4th 68, 83.) Even in the absence of advisement by the trial court, "[o]nly if in questioning the defendant and his attorney the trial court has reason to believe the defendant does not fully comprehend his rights, must the trial court conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*People v. Castrillon* (1991) 227 Cal.App.3d 718, 722.) At the hearing, the superior court, reviewing the *Tahl* waiver and comparing the markings to similar markings in other boxes, found that the

4

marks on the form appear to be Morales's initials rather than an "X." Accordingly, since Morales executed the form containing the requisite Penal Code section 1016.5 advisement, which was also acknowledged by his defense counsel, the form alone was sufficient to rebut the presumption of section 1016.5 that he was not adequately advised of the immigration consequences of his plea. In addition to the plea agreement form, however, the internal minute order of the court states that Morales was advised of the potential immigration consequences of his plea.

The trial court, based on its consideration of the minute order and the *Tahl* waiver, concluded that the People satisfied their burden to overcome the statutory presumption that Morales did not receive the required advisement. The trial court properly considered the minute order and made a factual finding regarding Morales's initials on the waiver and his signature, along with the signature of his counsel indicating that she explained the waivers to Morales. As such, the trial court did not abuse its discretion in denying the motion to vacate the plea. Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



JOHNSON, J.

5