Filed 4/15/15  P. v. Grewal CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KARMJIT SINGH GREWAL<br><br>    Defendant and Appellant. | F068210<br><br>(Super. Ct. No. CF99200011)<br><br>**OPINION** |

**THE COURT\***

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell, III, Judge.

Law Office of Sam Salhab and Samer A. Salhab, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Cornell, J., and Gomes, J.

Appellant, Karmjit Singh Grewal, appeals from the denial of his motion to set aside his guilty pleas in a 1999 case.  He contends the trial judge did not adequately explain to him the immigration consequences of his plea as required by Penal Code section 1016.5,[1] and, therefore, the plea must be set aside under that statute.  We affirm.

## FACTS

On November 28, 1998, Grewal was driving under the influence of alcohol when he was involved in an accident in which he killed an adult and endangered a child.  Three hours after the accident Grewal's blood alcohol content was measured at .07 percent.

On January 28, 1999, the district attorney filed a complaint charging Grewal with vehicular manslaughter (count 1/§ 192, subd. (c)(3)), driving with a blood alcohol content of .08 percent or more and causing bodily injury (count 2/Veh. Code, § 23153, subd. (b)), driving under the influence of alcohol and causing bodily injury (count 3/Veh. Code, § 23153, subd. (a)), and child endangerment (count 4/§ 273a, subd. (a)).

On May 6, 1999, following a preliminary hearing the court reduced the charges to misdemeanors.  Grewal then filled out a Misdemeanor Advisement, Waiver of Rights, and Plea Form and pled guilty to all four counts.  After taking Grewal's plea, the court placed Grewal on probation and ordered him to serve 180 days in custody.  Grewal was represented by Attorney Frank Gash during these proceedings.

On February 2, 2005, the court granted Grewal's motion to dismiss the 1999 case.

On July 7, 2011, Grewal was arrested by United States Citizenship and Immigration Services and released later that day on a GPS monitor pending the outcome of removal proceedings.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

Grewal was subsequently subject to a removal order and filed an application for cancelation of removal proceedings. His petition, however, was denied because of his convictions in the 1999 case.

On August 27, 2013, Grewal filed a petition to vacate his guilty pleas in the 1999 case alleging it could not be demonstrated that he was administered the immigration advisement and that his plea was not made knowingly, intelligently or voluntarily. Exhibit A of the petition was a minute order of the May 6, 1999, hearing which indicated that Grewal had executed a change of plea form and Exhibit B was the change of plea form Grewal executed on that date.

On September 19, 2013, the prosecutor filed a response to Grewal's motion to vacate. In addition to citing to portions of Grewal's change of plea form, the opposition included records from the County of Fresno Automated Court System (COFACS)[2] for Grewal's 1999 case. An entry dated May 6, 1999, that related to Grewal's change of plea stated:

> "Court informs defendant of his constitutional rights and indicate[s] on attached change of plea form; or pursuant to the following: Trial by Jury, To face and cross-examine accusers, Does not have to incriminate himself, assistance of the Court in calling witness, Consequences of plea, e.g., maximum-minimum fine or, imprisonment and consequences of subsequent conviction, *Consequences of plea, e.g., deportation, exclusion, or, denial of naturalization if not a U.S. Citizen, PC1015.5.*" (Italics added.)

On October 3, 2013, the court initially granted Grewal's motion. However, after the prosecutor pointed out that an entry in the COFACS indicated that Grewal had been advised of the immigration consequences of his plea the court reversed its ruling and took the matter under submission. It also allowed the parties the opportunity to file anything

---

**2** The COFACS was described in the People's response to Grewal's motion as the computerized archives of the Fresno County Superior Court. The response also asked the court to take judicial notice of its own file in Grewal's case.

they wanted the court to consider.  During the hearing defense counsel did not object to the court considering the COFACS.  However, in a response to the People's opposition filed on October 8, 2013, defense counsel objected to the COFACS's admission into evidence "based on foundation" because it was not part of the court file.[3]

On October 11, 2013, the court denied the motion.  In so ruling the court stated, "The fact that [defense counsel] Gash failed to sign the change of plea form, the Court is not convinced that that is sufficient to show that … Grewal was not advised of the immigration consequences as required by … section 1016.5."[4]

## DISCUSSION

Grewal contends the minute order for the May 6, 1999, change of plea hearing and the change of plea form he executed on that date are insufficient to prove he was advised of the immigration consequences of his plea during the change of plea proceeding on May 6, 1999.  He further contends that the COFACS document is also insufficient to prove he was advised of these immigration consequences because it was not certified and the prosecutor did not authenticate it or provide any foundation for it to be considered by the court.  Thus, according to Grewal, the court abused its discretion when it denied his motion to vacate his 1999 convictions.  We reject these contentions.

> "A motion to vacate the judgment is the equivalent of a petition for a writ of error *coram nobis*.  [Citation.]  As such, it is an appealable order.  [Citation.]  We review a motion to vacate under [Penal Code] section 1016.5 for abuse of discretion.  [Citation.]" (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 172.)

---

[3]  Grewal contends that at the October 3, 2013, hearing he "objected to the COFACS document on lack of foundation."  The record, however, shows that he only complained that the COFACS document was not part of the court file and never made a formal objection to the court considering that document.

[4]  After the court denied the motion, defense counsel received the court's permission to make a statement on the record.  During his comments counsel objected on foundational grounds to the court considering the COFACS.

"[Penal Code s]ection 1016.5, subdivision (a), provides that '[p]rior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' A defendant is 'presumed not to have received' the advisement unless it appears in the record. [Citations.]

"The statute specifies a remedy for a trial court's failure to administer the advisement: 'If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.' ([Pen. Code,] § 1016.5, subd. (b).)

"'To prevail on a motion to vacate under [Penal Code] section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement.' [Citations.]" (*People v. Akhile* (2008) 167 Cal.App.4th 558, 562.)

At the May 6, 1999, hearing Grewal executed a change of plea form that has four different, dated signatures including Grewal's signature. It also has Grewal's initials in boxes located next to many of the statements on the form. In a section with the heading "Right to a Lawyer" Grewal's initials appear in a box next to the following statement, "I have had enough time to discuss my case and all possible defenses with my lawyer." In a section with the heading "Consequences of Plea of Guilty or No Contest" his initials appear in a box next to the following statement, "If I am not a citizen my change of plea could result in *my deportation, exclusion from admission to the United Stated, and/or a*

5

*denial of naturalization.*" (Italics added.) Towards the end of the section Grewal signed and dated the following statement: "I declare under PENALTY OF PERJURY … that I have *read, understood, and initialed each item above*, and everything on the form is true and correct." (Italics added.)

Below that signature line, in the same section, are two statements. One statement allows the defendant to authorize his attorney in the defendant's absence to enter a plea for the defendant; the second statement allows the defendant to waive his right to be sentenced by the same judge who took his plea. A line for the defendant's signature appears below these statements. That line contains the date, May 6, 1999, and an unidentified signature.

The section "Consequences of Plea of Guilty or No Contest" is followed by a section that has the following heading, "Lawyer's Statement" which is unsigned and states:

> "I am the lawyer of record for the defendant. I have gone over this form with my client. I have explained each of the defendant's rights to the defendant, and answered all of the defendant's questions with regard to this plea. I have discussed the facts of the defendant's case with the defendant, *and explained the consequences of this plea*, …" (Italics added.)

Below the "Lawyer's Statement" section is a section with the heading, "Interpreter's Statement …" which is signed and dated and states:

> "I [interpreter's name], having been duly sworn, truly translated this form to the defendant in the Punjabi language. The defendant indicated that (s)he understood the contents of the form, and (s)he then initialed the form."

Immediately below that section is a section with the heading "Court's Findings and Order" which is signed and dated by the court and states:

> "The Court, having reviewed this form and having questioned the defendant concerning the defendant's constitutional rights, accepts the defendant plea(s) and the factual basis for the plea(s), and finds that the

6

defendant has expressly, knowingly, understandingly and intelligently waived his or her constitutional rights. The Court finds that the defendant's plea(s) are freely and voluntarily made *with an understanding of the nature and consequences thereof.…*" (Italics added.)

There were only three other people in addition to the court who were required to sign the change of plea form and who would have had the opportunity to do so: Grewal, his defense counsel, and the interpreter. Additionally, it is readily apparent from a visual comparison of the unidentified signature in the "Consequences of Plea of Guilty or No Contest" section to the three other signatures on the form that the unidentified signature and date in the "Consequences of Plea of Guilty or No Contest" section were not made by Grewal, the interpreter, or the court. Further, the response to the People's opposition filed on October 8, 2013, included a declaration from Defense Counsel Frank Gash[5] and the signature on Gash's declaration appears virtually identical to the unidentified signature in the "Consequences of Plea of Guilty or No Contest" section. It is apparent from these circumstances that the unidentified signature and accompanying date in that section were made by Attorney Gash and that he mistakenly signed the form in the wrong section rather than in the "Lawyer's Statement" section where he should have signed it.[6]

"A … court may rely upon a defendant's validly executed waiver form as a proper substitute for [a personal admonishment]." (*People v. Castrillon* (1991) 227 Cal.App.3d 718, 721-722 [enforcing, as part of a plea agreement, defendant's written waiver of the right to appeal the denial of a motion to suppress pursuant to § 1538.5, subd. (m)]; cf. *In*

---

[5]     In the declaration, Attorney Gash, in pertinent part, asserts that he could not "independently recollect whether [he] gave any immigration advisement to … Grewal whatsoever regarding this case."

[6]     Although the trial court found that Attorney Gash did not sign the change of plea form we are not bound by this factual finding which is not supported by the record. (*People v. Butler* (2003) 31 Cal.4th 1119, 1127 ["Under the substantial evidence rule, a reviewing court will defer to a trial court's factual findings to the extent they are supported in the record .…"].)

7

*re Ibarra* (1983) 34 Cal.3d 277, 286 ["[A] defendant who has signed a waiver form [waiving *Boykin-Tahl* rights[7]] upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge."].) "Only if in questioning the defendant and his attorney the trial court has reason to believe the defendant does not fully comprehend his rights, must the trial court conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*People v. Castrillon*, *supra*, 227 Cal.App.3d at p. 722; cf. *In re Ibarra*, *supra*, 34 Cal.3d at p. 286 ["The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney."].) Accordingly, since Grewal executed a change of plea form containing the requisite section 1016.5 advisement that was interpreted to him and signed by his defense counsel (albeit in the wrong section), the form was sufficient to rebut the presumption of section 1016.5 that he was not adequately advised of the immigration consequences of his plea.

Moreover, the record contains a COFACS document that included a summary of Grewal's May 6, 1999, change of plea proceedings which states that Grewal was advised of the "*Consequences of plea, e.g., deportation, exclusion, or, denial of naturalization if not a U.S. citizen …*." This document is also sufficient to rebut the presumption of section 1016.5 that Grewal was not advised of the immigration consequences of his plea.

Grewal contends that the trial court could not consider this document because it "lacked foundation" and it was not authenticated or certified.[8] We disagree.

---

**7** *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

**8** Grewal also appears to contend that we may not consider the COFACS document because it was not contained within the court file. We summarily reject this argument because he has not advanced any authority or argument in support thereof. (*People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8 ["We need not consider … a perfunctory assertion unaccompanied by supporting argument."].)

"Evidence Code section 353 provides, as relevant, 'A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and *so stated as to make clear the specific ground of the objection or motion ....*' (Italics added.) 'In accordance with this statute, we have consistently held that the "defendant's failure to make a timely and specific objection" on the ground asserted on appeal makes that ground not cognizable. [Citation.]' [Citation.]" (*People v. Partida* (2005) 37 Cal.4th 428, 433-434.)

"The objection requirement is necessary in criminal cases because a 'contrary rule would deprive the People of the opportunity to cure the defect at trial and would "permit the defendant to gamble on an acquittal at his trial secure in the knowledge that a conviction would be reversed on appeal."' [Citation.] 'The reason for the requirement is manifest: a specifically grounded objection to a defined body of evidence serves to prevent error. It allows the trial judge to consider excluding the evidence or limiting its admission to avoid possible prejudice. *It also allows the proponent of the evidence to lay additional foundation, modify the offer of proof, or take other steps designed to minimize the prospect of reversal.*' [Citation.]" (*People v. Partida*, *supra*, 37 Cal.4th at p. 434, italics added.)

Grewal did not object to the introduction of the COFACS document on foundation grounds at the October 3, 2013, hearing when the prosecutor still had the opportunity to lay additional foundation for the admission of that document. Instead, he waited until October 8, 2013, to make this objection in his moving papers when he filed a response to the prosecutor's opposition to his motion. Thus, Grewal's objection was untimely because he made it at a time when the prosecutor no longer had the opportunity to cure the alleged defect in admitting the COFACS document. Consequently, Grewal waived his right to challenge the COFACS document on the grounds noted above.

Grewal also cites errors in his change of plea form and the COFACS documents to contend that they are unreliable to prove he was advised of the immigration consequences of his plea. For example, he notes that on the change of plea form he initialed a box next to a statement that asserted that he was authorizing his attorney to enter a plea for him

9

which obviously was not true because he personally entered his plea. He also cites the following contradiction in the COFACS document: although the document states that Grewal was sentenced to serve 180 days in custody with "[c]redit for time served [of] 1 day[]" it also states that he was awarded "[c]redit for good time/work time [of] 60 days" thus leaving "[t]otal days to serve [of] 119 DS[.]"

These arguments go to the weight of the evidence and, in effect, challenge its sufficiency to support the court's ruling on Grewal's motion to vacate. In assessing the sufficiency of evidence to support a trial court ruling, a reviewing court does not reweigh the evidence. (Cf. *People v. Lindberg* (2008) 45 Cal.4th 1, 27.) "'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record,* there is substantial evidence, contradicted or uncontradicted, which will support the determination....' [Citation.]" (*People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 681, fn. omitted.) Accordingly, since the record contains evidence that supports the trial court's factual finding that Gerwal was told of the immigration consequences of pleading guilty,[9] the court did not abuse its discretion when it denied Grewal's motion to vacate his 1999 convictions.

## DISPOSITION

The judgment is affirmed.

---

**9** In view of this conclusion, we will not discuss the court's alternative bases for denying Grewal's motion, i.e., that he failed to show that there was more than a remote possibility that the conviction would have one of the specified adverse consequences or that he was prejudiced by the non-advisement.

10