Filed 12/17/15  P. v. Arriero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067224 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD235118) |
| JUAN JOSE ARRIERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Juan Jose Arriero was charged with 11 felony counts including robbery (Pen. Code,[1] § 211) and attempted murder (§§ 187/664), as well as others.  Arriero brought

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

two motions to suppress evidence under section 1538.5, which were denied by the trial court.

Arriero then entered into a plea agreement, under the terms of which he admitted two counts of robbery, one count of attempted murder and admitted the gang allegations (§ 186.22, subd. (b)(1)).  In return for the guilty pleas, the remaining counts were dismissed and the parties stipulated to a determinate term of 21 years 8 months for the offenses.[2]  In the change of plea form, Arriero initialed the box which stated he was waiving his right to appeal from, among other things, "the denial of my 1538.5 motion" and "any sentence stipulated herein."

Arriero was sentenced to the stipulated term in prison.  Arriero filed a timely notice of appeal from the denial of his section 1538.5 motions.  He did not obtain a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any reasonable arguable issues for reversal on appeal.  Counsel asks this court to review the record for error as required by *Wende*.  We offered Arriero the opportunity to file his own brief on appeal but he has not responded.

---

[2]     A separate case was also dismissed as part of the plea bargain (CS266798).

STATEMENT OF FACTS[3]

Since this appeal is from guilty pleas, there is no trial testimony. The trial court used the transcript of the preliminary hearing (which covered multiple counts) as the factual basis for the pleas. Appellate counsel has provided an accurate summary of the facts from that hearing to give context for the counts to which Arriero pleaded guilty. We adopt that summary.

As to count 2, on June 27, 2011 at about 1:35 in the morning, Justin Marcus and his brother Wanya Robbins were sitting in front of their apartment when an SUV stopped in front of them. Marcus described the SUV as light in color, but the mother of the other victim described it as black with a stripe on the side. Two Hispanic males got out. One had a shaved head and the other wore a black beanie. The driver was armed with a handgun and the passenger had a shotgun. The driver yelled, "We're Southeast" and demanded wallets and money. The two victims only had hand-held gaming units, which they turned over to the men. Mr. Marcus obtained a partial license plate. They positively identified his codefendant Regalado as one of the perpetrators in a photo line-up.

As to count 4, on June 27, 2011, in the middle of the night, Zachary Lam was skateboarding on the 7300 block of El Cajon Boulevard when he was approached by a Hispanic man who exited from a dark green or brown SUV. The man "patted him down" while the driver pointed a shotgun and a handgun at him and said that if Lam did not

_____

[3] The parties stipulated that the preliminary hearing provided a factual basis for the plea. The statement of facts addresses only the counts to which the defendant pled guilty and are taken from the preliminary hearing transcript.

comply, he would be shot. Lam grabbed the passenger and after a brief scuffle, he was shot in the head. Lam survived and later identified Arriero and Regalado as the perpetrators.

As to count 6, on June 27, 2011, sometime before 1:55 a.m., Augustine Flores was walking southbound on the 4500 block of College Avenue. A black SUV with a grey stripe pulled up and two men exited. Both were described as Hispanic, with shaved heads. One had a shotgun and one had a pistol. They demanded his wallet and threatened to shoot him. They referenced "Southeast, KN." He handed over his property and the two men got back into the SUV and drove away.

A number of photographs, which had been taken on the evening of June 26th and on June 28th, were recovered from Arriero's cell phone. They showed both codefendants making "gang signs" and holding a shotgun and handgun.

Appellant and his codefendant are both documented "Southeast" gang members from the "Klown Nation" (KN) gang.

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, indicating she has not been able to identify any reasonably arguable issues for reversal on appeal. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issue to assist this court in its review of the record:

Whether the trial court erred in failing to review the terms of the written change of plea form with Arriero, particularly that portion which includes the waiver of appellate

4

rights as part of the plea bargain.  (*People v. Panizzon* (1996) 13 Cal.4th 68; *People v. Castrillon* (1991) 227 Cal.App.3d 718.)

We have reviewed the entire record and have not discovered any reasonably arguable issues for reversal on appeal.  Competent counsel has represented Arriero on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

PRAGER, J.*

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5