[No. A044743. First Dist., Div. Five. Dec. 13, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY KEARNY OLSON, Defendant and Appellant.

**COUNSEL**

Colleen Butler, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KING, J.**—We publish our opinion in this case because we believe it involves a legal issue of continuing public interest, that is, the unnecessary burden placed on California taxpayers and on an already overburdened Attorney General's office and Court of Appeal by meritless and even frivolous criminal appeals. Without sacrificing fairness or the rights of defendants, we owe the public an efficient and economical criminal justice system.

Gary Kearny Olson appeals a judgment of conviction for statutory rape, alleging sentencing error.

Olson entered a negotiated plea of guilty to a charge of unlawful sexual intercourse with a female under age 18 (Pen. Code, § 261.5) and admitted 3

prior prison terms (Pen. Code, § 667.5, subd. (b)). The trial court dismissed all remaining counts and sentenced him to the upper term of three years and three consecutive one-year enhancements.

At the sentencing hearing, the following colloquy occurred: "[PROSECUTOR]: As far as giving a reason for the aggravated term, I simply suggest the court state that the defendant's prior convictions are numerous.

"THE COURT: That is obviously the basis at this stage. The court notes the dismissed charges, of course, but notes the three prison priors that the defendant has already had and under those circumstances and in light of the nature of those priors, the court at this time will find the defendant is a person who is not amenable to probation and that the appropriate term would be the aggravated term. That it is also true in the light of the particular allegations in [the count to which Olson pleaded guilty]."

■ Olson claims the trial court's statement violates Penal Code section 1170, subdivision (b), which prohibits imposing an upper term "by using the fact of any enhancement upon which sentence is imposed under Section 667.5 . . . ." To the extent this is true, the error is harmless. (See *People* v. *Jackson* (1987) 196 Cal.App.3d 380, 392 [242 Cal.Rptr. 1].)

California Rules of Court, rule 440,[1] provides that where a negotiated guilty plea specifies the punishment, recital of that agreement on the record constitutes adequate reason for imposing the specified punishment. Olson expressly agreed to a maximum prison term of six years, comprised of the upper term for statutory rape and three 1-year enhancements. Since no further reason need be given, it is not necessary to remand for resentencing, for "[i]t is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error." (*People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121].)

If this were a civil case we would unhesitatingly have utilized our power to curb the filing of frivolous appeals by imposing substantial monetary sanctions. Because this is an appeal of a criminal case, we are powerless to

---

[1] Rule 440 states: "(a) If a plea of guilty or nolo contendere was entered pursuant to section 1192.5 and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the defendant's specification of the punishment and the prosecuting attorney's acceptance thereof in open court constitutes an adequate reason for the imposition of the punishment specified. [¶] (b) Whenever the prosecuting attorney and the defendant, by counsel and personally, have expressly stated that they agree or have no objection to a prison sentence of a specified length or to another specified disposition, the judge may recite their agreement or lack of objection as part of the record, and their agreement or lack of objection constitutes an adequate reason for imposition of the sentence or other disposition specified."

do anything about it. However, prosecutors and trial judges can do something about it and we encourage them to do so.

Many frivolous criminal appeals—taken at taxpayer expense—are filed each year. Little can or should be done to affect appeals in criminal cases which have gone to trial, but a powerful tool is available in those cases where a negotiated plea is entered. In cases where the defendant negotiates to receive an agreed-upon sentence (and the additional benefit of dismissal of other charges pending against him), prosecutors and trial judges should consider obtaining the defendant's waiver of the right to appeal as part of the negotiated plea.[2]

Here, the defendant was going to state prison and, as is almost always true in such cases, his sole interest was how much time he would have to serve. It was only after sentence had been imposed, other charges had been dismissed, and the defendant had received the agreed-upon sentence, that he decided to appeal. And why not? The appeal is financed by the taxpayers and the defendant has nothing to lose. In most such cases the defendant has no real interest in an appeal and would agree to waive his right thereto as part of the negotiated plea. Even an express statutory right to appeal (Pen. Code, § 1538.5, subd. (m)) may be waived as part of a negotiated plea. (See *People v. Charles* (1985) 171 Cal.App.3d 552 [207 Cal.Rptr. 549, 689 P.2d 121] for an excellent discussion of this subject.)

It is worthwhile to consider the cost to taxpayers of processing frivolous appeals. Recently the Second Appellate District determined that the cost to the state of processing, renewing and deciding an average appeal in that district was $3,995. (*Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 136, fn. 40 [260 Cal.Rptr. 369].) Of course, in criminal appeals taxpayers incur additional expenses for preparing the record, for counsel from the Attorney General's office to defend against the appeal and, of course, for counsel appointed by the court to represent the defendant. Thus the average cost of a criminal appeal with no meritorious issues may be something in the neighborhood of $6,000. In fiscal year 1987-1988, there were 5,696 appeals filed in criminal cases in the California Courts of Appeal. Even if only 5 percent of these appeals fall into the "frivolous" category those 285 cases result in an unnecessary cost to the taxpayers of $1,710,000 a year. These precious taxpayer dollars should not be wasted on frivolous appeals.

We conclude by encouraging prosecutors and trial judges, in appropriate cases resolved by plea negotiation, to consider including as one element of

---

[2] Waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement or other sentencing error occurs.

the negotiation the defendant's waiver of the right to appeal. If a waiver is obtained, the defendant still gets what he has negotiated for, the taxpayers avoid the waste of money and the Attorney General's office and appellate courts can concentrate their efforts on deserving appeals.

The judgment is affirmed.

Low, P. J., concurred.

**HANING, J.,** Concurring.—It is clear from the entry of the plea that appellant bargained for a specific six-year term. The change of plea form bearing his signature, as well as those of his attorney, the prosecutor and the court, states: "I will be sentenced to 6 yrs; waive probation report—all remaining counts dismissed." In addition, at the time he entered his plea, appellant's attorney first advised the court that "He would be receiving a three year aggravated term on the [Penal Code section] 261.5 and three one year enhancements on the prison priors, a total of six years in straight [*sic*] prison. He would waive probation report and be sentenced today." The court properly voir dired appellant on his understanding of the plea and the sentence, and found that the plea was "knowing, intelligent and voluntary." I perceive no defects or error in the record, and other than his erroneous claim that the court violated the dual-use-of-facts rule, appellant calls none to our attention. Consequently, California Rules of Court, rule 440 applies and no further statement of reasons is necessary.

For the foregoing reason, I concur that the judgment should be affirmed.