[No. B063021. Second Dist., Div. Six. Oct. 6, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL PATRICK RYAN, Defendant and Appellant.

## Counsel

Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Marc E. Turchin and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.—** ▮▮▮ The basic principle of fairness dictates that we reverse the order excluding appellant from the California Rehabilitation Center (CRC). The order was predicated on appellant having been attacked at CRC by three fellow inmates as he slept. We hold that the decision to preclude treatment cannot be based upon the inmate's status as a crime victim. To quote a popular phrase, "victims have rights too." Conspiring violent CRC inmates may not dictate who should be treated there.

In 1990 appellant was convicted of possessing heroin (Health & Saf. Code, § 11350, subd. (a)) and placed on probation. Thereafter, he was arrested for narcotics-related violations, found in violation of probation, and sentenced to state prison for three years. The prison sentence was suspended and appellant was determined to be a narcotic addict or in imminent danger of becoming one. He was committed to CRC.

While receiving treatment for narcotic addiction at CRC, appellant was attacked by three fellow inmates as he slept. This fact was not in dispute. At the exclusion hearing in superior court, the District Attorney stipulated ". . . to the fact that Mr. Ryan was in fact initially the victim of an assault; that he wasn't the aggressor."

After the attack, appellant was concerned for his future safety. So was the warden at CRC. Notwithstanding appellant's desire to continue treatment at CRC, the warden returned appellant to the superior court noting: "It is our evaluation that he is not amenable [for treatment] because his fear for his safety precludes his ability to program in the open dormitory setting of the Civil Addict Program at the California Rehabilitation Center."

In upholding the exclusion, the superior court said: "The warden of the California Rehabilitation Center has excluded the defendant as unsuitable. This Court is very limited in . . . ability to review that decision. [¶] I can't second guess what the staff at CRC has done. The law is designed to give them that sort of discretion. Whether I as a Judge would have come to the same conclusion that those people came to based on the same amount of or the same evidence is not what I can do. [¶] I can look at what's before me now, look at the record before me. If there's anything in there to support the decision then the decision stands. I cannot find that abuse of discretion. [¶] The motion is denied. The defendant is excluded and this Court will not interfere with that decision. [¶] . . . [¶] Now, I think it's unfortunate. I think Mr. Ryan needs treatment. I agree with him. But the people that are there to provide that treatment have decided that he can't—they can't treat him in the program as it exists, and there's nothing I can do about that. I sympathize with him. But I today am going to order that this three year sentence be ordered [into] full force and effect."

The trial court's reference to the discretion afforded to CRC officials is based upon case law. ██ "[W]hether or not any given defendant can be treated with success is a fact which, in the last analysis, must be determined not by judges but by people trained in that field and actually engaged in the treatment process. Hence, out of practical necessity, the statute leaves to the professional experts the final decision on whether or not treatment should be begun or be continued. . . ." (*People* v. *Marquez* (1966) 245 Cal.App.2d 253, 256-257 [53 Cal.Rptr. 854]; see also *In re Marks* (1969) 71 Cal.2d 31, 40, fn. 6 [77 Cal.Rptr. 1, 453 P.2d 441]; *People* v. *Arciga* (1986) 182 Cal.App.3d 991, 996 [227 Cal.Rptr. 611].) ██ The salutary language of *Marquez*, *supra*, however, simply does not speak to the issue presented by this case. No one has even suggested that appellant could not have been rehabilitated by the CRC process. The only impediment thereto was the warden's belief, based upon the single attack, that appellant might be attacked again.

"[A] patient-inmate has an important interest in receiving treatment at the CRC for his narcotics addition." (*People* v. *Ramirez* (1979) 25 Cal.3d 260, 272 [158 Cal.Rptr. 316, 599 P.2d 622].) This right cannot be defeated because the inmate is the *victim* of an attack and cannot be protected by the warden and his staff. A contrary determination would mean that a violent inmate or inmates could, by attacking an inmate, have him excluded from the program. This would be nonsense. It is the attackers who should be excluded, not the victim.

Welfare and Institutions Code section 3053, subdivision (a), in pertinent part, provides: "If at any time following receipt at the facility of a person committed . . . , the Director of Corrections concludes that the person, because of excessive criminality *or for other relevant reason*, is not a fit subject for confinement or treatment in such narcotic detention, treatment and rehabilitation facility, he shall return the person to the court. . . ." (Italics added.)

Here, appellant was excluded because of the attack at CRC which caused him to be concerned about his future safety at CRC. The warden was similarily concerned. However, none of these considerations are appellant's fault and he should not be penalized therefor. Generally speaking, absent constitutional considerations, the judiciary should exercise considerable restraint in telling prison, jail, hospital, or rehabilitative officials how to administer their facilities. "Although the words 'other relevant reason' permit the Director broad discretion in making his decision, that discretion is not unlimited." (*People* v. *Ramirez, supra*, 25 Cal.3d at p. 266.) Here there was an abuse of discretion as a matter of law.

In *People* v. *Arciga, supra*, 182 Cal.App.3d 991, the Court of Appeal delineated instances which could fall into the "other relevant reasons"

category supporting the decision to exclude an inmate from CRC: 1. escape risk, 2. confirmed and aggressive sexual deviate, 3. mentally ill or defective, 4. senility, 5. handicapped by a language barrier, 6. arsonist, 7. one who has been previously exposed to therapy and rehabilitation programs without significant gains, 8. character defect, 9. use of drugs while on release, 10. recent violence and proven gang affiliation, 11. escape and absence for one year, and 12. inability to participate due to marginal intelligence and unwillingness. (*Id.* at p. 997.)

The basic principle of fairness precludes us from adding "being a victim of assault at CRC," to the *Arciga* list. Appellant's status as an assault victim has no "legal relevance." (182 Cal.App.3d at p. 996.) We recognize that the warden has an obligation to keep the peace at CRC. The attack upon appellant had factual relevance for the warden. Such may have required additional security precautions. Removal of appellant from the institution was expedient but unfair. It rewarded the attackers and punished their victim.

■ Given the actual time previously served, local conduct credits previously earned, and the time served in prison pending appeal, appellant may have been released from prison and perhaps even discharged from parole. Because his improper exclusion from CRC resulted in the service of an unlawful prison term, which theoretically could have consequences for him in the future (see Pen. Code, § 667.5, subd. (b)), the challenged order cannot be treated as moot and the sentence to state prison must be vacated. The actual prison sentence served shall not in the future be used as a Penal Code section 667.5, subdivision (b) enhancement. (See *People* v. *Pearson* (1986) 42 Cal.3d 351, 362 [228 Cal.Rptr. 509, 721 P.2d 595].)

The judgment is reversed. The matter is remanded to the trial court with directions to grant petitioner's motion for an order finding that exclusion from CRC was an abuse of discretion.

Stone (S. J.), P. J., and Gilbert, J., concurred.