[No. B073887. Second Dist., Div. Six. Oct. 27, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY SHERRICK, Defendant and Appellant.

## COUNSEL

Pamela Price Klebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Shirley A. Nelson and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—Timothy Sherrick was convicted of 3 counts of violating Penal Code section 288, subdivision (c), i.e., being 10 years older than the 14-year-old victim and committing lewd acts upon her. As part of the written

negotiated disposition, appellant agreed: "I now waive and give up my right to appeal in this case. I understand that based on this agreement, I will *not* be permitted to appeal any ruling in this case. (*People* v. *Olson* (1989) 216 Cal.App.3d 601 [264 Cal.Rptr. 817].)" At the probation and sentencing hearing, the trial court imposed concurrent two-year terms on each count.[1]

Appellant meritoriously contends that the trial court made a fundamental mistake concerning his eligibility for probation. The Attorney General concedes the sentencing error but argues waiver and harmless error. We conclude that reversal and remand for resentencing is the appropriate remedy.

■  We first reject the Attorney General's theory of "waiver of appeal." There is no question that appellant, in writing, waived his statutory right to appeal. However, ". . . general waiver of the right of appeal did not include error occurring after the waiver because it was not knowingly and intelligently made. Such a waiver of possible future error does not appear to be within defendant's contemplation and knowledge at the time the waiver was made." (*People* v. *Vargas* (1993) 13 Cal.App.4th 1653, 1662 [17 Cal.Rptr.2d 445].) Here, we cannot reasonably say that appellant waived the right to have his eligibility for probation decided on a patently erroneous standard. Even the court in *People* v. *Olson*, *supra*, 216 Cal.App.3d 601, indicated that waiver of the right to appeal ". . . would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement or other sentencing error occurs." (*Id.*, at p. 604, fn. 2.) We reach the merits of the appeal.

■  At the probation and sentencing hearing, the trial court twice demonstrated that it was laboring under an erroneous impression of appellant's legal status. For example, the trial court said, ". . . the court, in order to grant probation, has to make four findings. One of which is that it would be in the best interests of the victim not to impose a prison commitment on this defendant."

The trial court's reference was undoubtedly to Penal Code section 1203.066 subdivisions (a)(8), (b), and (c).[2] The trial court was perhaps led astray because appellant was originally charged in the felony complaint as

---

[1] A violation of Penal Code section 288, subdivision (c) is punishable by imprisonment in the state prison for either sixteen months, two years, or three years or by imprisonment in the county jail for not more than one year. The offense is an alternate felony or misdemeanor, in criminal law parlance, a "wobbler." (*Davis* v. *Municipal Court* (1988) 46 Cal.3d 64, 70 [249 Cal.Rptr. 300, 757 P.2d 11]; *People* v. *Soto* (1985) 166 Cal.App.3d 770, 775 [212 Cal.Rptr. 696].)

[2] Section 1203.066 provides: "(a) Notwithstanding Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a

follows: "It is further alleged that at the time of the commission of the above offense said defendant(s), TIMOTHY FRANCES SHERRICK engaged in substantial sexual conduct, to wit, oral copulation, within the meaning of Penal Code Section 1203.066(a) (8)." As part of the negotiated disposition, appellant was not required to and did not admit this allegation and for good reason, i.e., the victim was 14 years old and this section requires that the victim be ". . . under the age of eleven years" before the ineligibility-for-probation section can be theoretically applicable. (Pen. Code, § 1203.066, subd. (a)(8).)[3]

Our California Supreme Court has indicated that the prosecutor is not only the defendant's adversary, but is also the ". . . guardian of the defendant's constitutional rights. . . ." (*People* v. *Trevino* (1985) 39 Cal.3d 667, 681 [217 Cal.Rptr. 652, 704 P.2d 719].) We recently applied this principle and said that a prosecutor has the obligation to safeguard a statutory right to diversion. (*People* v. *Covarrubias* (1993) 18 Cal.App.4th 639, 643 [22 Cal.Rptr.2d 475].) "The prosecutor should not make the severity of sentences the index of his or her effectiveness. To the extent that the prosecutor becomes involved in the sentencing process, *he or she should seek to assure that a fair and informed judgment is made on the sentence* and to avoid unfair sentence disparities." (Morgan & Rotunda, 1991 Selected Standards on Professional Responsibility (1991) ABA Model Code of Professional Responsibility, std. 3-6.1(a), pp. 303-304, italics added; see also 1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, § 343, pp. 398-399.) These principles

---

finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for, any of the following persons: [¶] . . . (8) *A person who in violating Section 288 or 288.5 has substantial sexual conduct with a victim under the age of 11 years.* [¶] . . .
(b) 'Substantial sexual conduct' means penetration of the vagina or rectum by the penis of the offender or by any foreign object, oral copulation, or masturbation of either the victim or the offender. [¶] (c) Paragraphs (7), (8), (9), and (10) of subdivision (a) shall not apply when the court makes all of the following findings: [¶] (1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the household. [¶] (2) *Imprisonment of the defendant is not in the best interest of the child.* [¶] (3) Rehabilitation of the defendant is feasible in a recognized treatment program designed to deal with child molestation, and if the defendant is to remain in the household, a program that is specifically designed to deal with molestation within the family. [¶] (4) There is no threat of physical harm to the child victim if there is no imprisonment. The court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to. The court shall state its reasons on the record for whatever sentence it imposes on the defendant." (Italics added.)

[3]The deputy district attorney who filed the felony complaint participated in the taking of the pleas and waivers of appellant's rights before a magistrate in the municipal court. She also represented the People at the probation and sentencing hearing in superior court. We do not impugn the integrity of this deputy district attorney or even suggest that she committed prosecutorial misconduct by failing to correct the erroneous sentencing premise. It would appear that at the sentencing hearing, she simply forgot that Penal Code section 1203.066, subdivision (a)(8) was not applicable.

fairly place an obligation on the prosecutor to assist the trial court and point out the defendant's eligibility for probation vel non, i.e., to keep it on the right sentencing track. Here, the prosecutor was apparently asleep at the switch. As the People's representative and the moving party in a criminal action, the prosecutor should seek to correct an erroneous impression of the defendant's legal status at a probation and sentence hearing. This is especially true where, as here, the prosecutor has filed a felony complaint alleging an inapposite eligibility for probation section.

We recognize that the determinate sentence law is capable of ensnaring even its most erudite afficionados. Its "eligibility for probation" sections are "seemingly endless and convoluted. . . ." (*Community Release Bd.* v. *Superior Court* (1979) 91 Cal.App.3d 814, 815, fn. 1 [154 Cal.Rptr. 383].) Confronted with this "legislative monstrosity" (*People* v. *Sutton* (1980) 113 Cal.App.3d 162, 164, fn. 1 [169 Cal.Rptr. 656]) prosecutorial assistance to the sentencing courts is not only consistent with the American Bar Association Model Code of Professional Responsibility, it should be welcomed by the trial court. As Presiding Justice Roth so aptly put it over a decade ago, ". . . it is the People, as the moving party in the lawsuit, who should seek to immediately remedy . . . [sentencing error when it is occurring]. It obviously works to the advantage of our entire criminal justice system when prosecutors take an active part in protecting the record in their actions." (*People* v. *Lutes* (1981) 117 Cal.App.3d 830, 832-833 [173 Cal.Rptr. 300].)

We cannot "save" the judgment on a harmless error analysis. While the offenses were undoubtedly serious, the trial court's comments unquestionably demonstrate that it was laboring under a false impression of appellant's legal status. Where, as here, ". . . the sentencing court bases its determination to deny probation in significant part upon an erroneous impression of the defendant's *legal* status, fundamental fairness requires that the defendant be afforded a new hearing and 'an informed, intelligent and just decision' on the basis of the facts. [Citation]." (*People* v. *Ruiz* (1975) 14 Cal.3d 163, 168 [120 Cal.Rptr. 872, 534 P.2d 712].)

Given the date of appellant's remand to state prison, the time he has already served, and conduct credits he may have earned, it would appear that his release on parole is imminent. Reversal is nonetheless appropriate. The service of a lawfully imposed prison sentence theoretically could have consequences for appellant in the future. (See *People* v. *Ryan* (1992) 9 Cal.App.4th 1855, 1859 [12 Cal.Rptr.2d 395].) In addition, if the trial court were to grant probation upon remand and if appellant successfully completed probation, the sentencing court could theoretically reduce the offense to a

misdemeanor. (See fn. 1, *ante.*) However, our observations should not be understood to reflect our views on how the sentencing court should exercise its discretion. (*People* v. *Reyes* (1976) 60 Cal.App.3d 227, 233 [131 Cal.Rptr. 340].) We only indicate that these two considerations buttress our determination that the sentencing error cannot be deemed harmless.

The judgment is reversed and the matter remanded to the trial court for resentencing.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied November 22, 1993, and the opinion was modified to read as printed above.