Filed 6/2/15  P. v. Boot CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065933 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD179209) |
| DAVID MICHAEL BOOT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Sentence vacated and remanded for resentencing.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

On January 9, 2004, David Michael Boot was charged with one count of a forcible lewd act upon on a child under the age of 14 (Pen. Code,[1] § 288, subd. (b)(1)). The complaint also alleged that Boot suffered a serious felony prior (§§ 667, subd. (a)(1); 668; 1192.7, subd. (c)), and a strike prior (§§ 667, subd. (b)-(i); 1170.12; 668) for his 2000 conviction of an attempted lewd act upon a child (§§ 288, subd. (a); 664).

On April 1, 2004, Boot pled guilty to the section 288, subdivision (b)(1) charge. He also admitted to the strike and serious felony prior.

On July 14, 2004, Judge Frank A. Brown sentenced Boot to the midterm of six years, doubled for the strike prior to 12 years. Judge Brown also sentenced Boot to a concurrent midterm of three years on his section 288, subdivision (a) charge.

Ten years later, and weeks before Boot's release, the prosecution discovered that the original judge had failed to impose the mandatory five-year enhancement. It then submitted a motion to the trial court to correct the error. However, in its motion the prosecution cited California Rules of Court, rule 4.452(3),[2] which did not apply to an unauthorized sentence and which represented to the trial court that it had no discretion to increase or decrease Boot's original term. On May 6, 2014, the defense filed its opposition motion, but did not discuss any limits on the court's discretion.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

[2]     All further rule references are to the California Rules of Court. Rule 4.452(3) reads in relevant part: "Discretionary decisions of the judges in the previous cases may not be changed by the judge in the current case. Such decisions include the decision to impose one of the three authorized prison terms referred to in section 1170(b)."

The trial court heard the motion on May 7, 2014. Judge Laura H. Parsky presided, since Judge Brown had retired. Judge Parsky found the original sentence unauthorized and imposed an additional five years for the serious felony prior to run consecutive to the original term of 12 years, for a total term of 17 years.

Appellant appeals his now 17-year sentence, contending that the trial court mistakenly believed it lacked discretion to reduce his original term in light of the five-year enhancement. We agree and remand for resentencing.

FACTUAL BACKGROUND

In 2000, Boot pled guilty to attempted lewd acts upon a child (§§ 288, subd. (a); 664) after he entered a Wal-Mart toy department, grabbed an eight-year-old girl from behind, put his arm around her neck, and fondled her vagina over her pants for approximately 10 seconds. The trial court sentenced him to four years' formal probation and credit for time served.

Boot's probation officer characterized his performance on probation as "poor," Boot did not meaningfully engage in therapy, did not avoid high risk situations for re-offense, nor did he speak honestly about his conduct within the community. His therapist acknowledged that Boot has "limitations and developmental disabilities," which compounded the treatment process. At the time of the current offense, he resided in an adult group home secured by the San Diego Regional Center.

In the current case, Boot, this time again in a Wal-Mart toy department, approached a three-year-old girl from behind, put his hand over her mouth to prevent her

3

from screaming, and grasped her vaginal area for approximately 10-15 seconds. Boot pled guilty to violating section 288, subdivision (b)(1) on April 1, 2004.

I

*WAS THE TRIAL COURT AWARE IT COULD EXERCISE DISCRETION TO REDUCE BOOT'S ORIGINAL TERM IN LIGHT OF THE FIVE-YEAR ENHANCEMENT?*

The parties agree that Judge Parsky had discretion to adjust Boot's sentence in light of the need to add the five-year enhancement. They disagree whether the judge was aware of her discretionary authority. Ordinarily we would approach this issue assuming the court was aware of its authority, particularly since there was no discussion of the presence or absence of such authority at the sentencing hearing. The problem we face here is that the prosecutor's sentencing memorandum affirmatively advised the judge she could not adjust the term previously set by Judge Brown, other than by adding five years. Thus, on this record we have no choice but to remand so that the trial court can fully exercise its sentencing discretion. We offer no opinion as to how that discretion should be exercised in this case.

A. Standard of Review

We review sentencing decisions of the trial court for abuse of discretion. California Evidence Code section 664 presumes that the trial court knew of and followed the applicable law in the absence of proof to the contrary, and imposes " ' "upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact." ' " (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549-550.) Thus, our review of discretionary sentencing decisions proceeds from the assumption the trial court made a

4

proper decision, unless the appellant affirmatively demonstrates that the trial court was in error.  (*People v. Tang* (1997) 54 Cal.App.4th 669, 677.)

## B.  Applicable Law

Where a case is remanded for correction of an unauthorized sentence the trial court is allowed to review the entire sentence and to impose a proper sentence, considering all of the relevant factors.  (*People v. Cabral* (1975) 51 Cal.App.3d 707, 718-719; *People v. Pitmon* (1985) 170 Cal.App.3d 38, 44, fn. 2.)  The authority of the court to resentence after a sentence is recalled is as broad as it was at the time the original sentence was imposed.  (*People v. Espanola* (2014) 229 Cal.App.4th 1487, 1497; *People v. Johnson* (2004) 32 Cal.4th 260, 266.)  As we have noted, the parties do not dispute the proposition that the trial judge had discretion to review the entire sentence and not merely the authority to add five years.

A court must exercise " 'informed discretion' " when sentencing a defendant. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)  An erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion.  (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)  When a court makes a sentencing decision unaware of the true scope of court discretion, fundamental fairness requires that the defendant be afforded a new hearing.  (*People v. Ruiz* (1975) 14 Cal.3d 163, 168; *People v. Ybarra* (2008) 166 Cal.App.4th 1069, 1093-1094 (*Ybarra*)*; People v. Jeffries* (2000) 83 Cal.App.4th 15, 25-26 (*Jeffries*); *People v. Tang*, *supra*, 54 Cal.App.4th at pp. 678-680; *People v. Sherrick* (1993) 19 Cal.App.4th 657, 659-661 (*Sherrick*).)  The mere silence as to whether or not the court engaged in an exercise of discretion alone cannot

sustain appellant's burden, but a lower court's affirmative statement revealing its misunderstanding can. (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523 [no remand required on "tru[ly] silent" record]; *People v. Rodriguez* (1998) 17 Cal.4th 253, 256-257 [remand required where misunderstanding of *Romero* (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) discretion is affirmatively shown].)

## B. Analysis

At the outset, the sentencing transcript here resembles the "tru[ly] silent" sentencing transcript in *White Eagle*: the trial court and counsel did not show any awareness that the court could exercise discretion to modify the original term. (*People v. White Eagle*, *supra*, 48 Cal.App.4th at p. 1523.) While Boot posed numerous challenges to the imposition of the five-year enhancement at the second sentencing hearing, none of those challenges included a request for the trial court to exercise its discretion to adapt his sentence in light of the additional five-year enhancement. Further, the trial court did not comment on its authority or lack of authority to do so. The trial court only alluded to the fact it had "reviewed the papers filed by the parties and listened to the arguments in court," and also "look[ed] at the case law that's been cited as well as some of the other case law." Although the court and the parties discussed at length issues such as whether the trial court could fairly impose the five-year enhancement days before Boot's release, whether they believed section 667, subdivision (a) rendered the original sentence unauthorized, whether the original trial court advised Boot of the maximum punishment at his guilty plea, whether the court should consider the antecedent SVP petition, and conjecture as to Judge Brown's reasons for not imposing the five-year enhancement,

6

counsel never requested, and the court never discussed, its power to impose a different sentence. Thus, the sentencing transcript in isolation does not reveal a lack of awareness on the part of the trial court of its discretionary power, and analysis of the rest of the record is necessary to shed light on this question.

We conclude that the trial court here, like the trial courts in *Sherrick*, *Ybarra*, and *Jeffries*, did not know of its discretion to reevaluate Boot's sentence because the prosecution's sentencing memorandum misguided the trial court to believe that it had no discretion to do so, and the trial court did not correct counsel on the record. (See *Ybarra, supra,* 166 Cal.App.4th at p. 1093*; Jeffries*, *supra*, 83 Cal.App.4th at pp. 25-26; *Sherrick*, *supra*, 19 Cal.App.4th at pp. 659-661.) Like the prosecutor in *Ybarra*, who asked the trial court to strike special circumstances when it had no authority to do so, the prosecutor here informed the court that rule 4.452(3) deprived the court of discretion to adapt Boot's sentence when in fact the trial court had discretion to do so under *People v. Serrato* (1973) 9 Cal.3d 753, 764. (See *Ybarra*, *supra*, at p. 1093.) Further, not only did counsel in *Sherrick*, *Ybarra*, *Jeffries* and here all misstate the law, but the trial court here, like the trial court in *Ybarra*, failed to correct counsel when she did so. (*Ybarra, supra,* at p. 1093; *Sherrick*, *supra*, at pp. 659-661.) While the court stated on the record that it had "reviewed the papers filed by the parties," it did not state on the record whether it agreed or disagreed with the prosecution's erroneous recitation of the law. Thus, the trial court's silence in light of counsel's incorrect statement of the law reasonably infers that it acted upon the false belief that it had no discretion to minimize the impact of the omitted enhancement by adjusting Boot's original term. This is not an exercise of discretion as

7

mandated by *People v. Belmontes, supra,* 34 Cal.3d 335, and the proper remedy is a new sentencing hearing.

## DISPOSITION

The sentence is vacated. The trial court is directed to exercise its discretion considering whether in light of the addition of the five-year enhancement, to leave Boot's original term intact or to adjust his sentence as it deems appropriate. The trial court is further directed to prepare a new abstract of judgment reflecting the new sentence imposed, and to forward that abstract to the Department of Corrections and Rehabilitation.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


AARON, J.

8