Filed 5/28/21  P. v. Valenton-Trinidad CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOSE GUADALUPE VALENTON-TRINIDAD,<br><br>　　　Defendant and Appellant. | F079760<br><br>(Super. Ct. No. F18906115)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In connection with a fatal shooting that occurred in 2018, defendant Jose Guadalupe Valenton–Trinidad and two codefendants were charged with one count of murder with attached gang and firearm enhancements, exposing them to indeterminate life terms. (Pen. Code, §§ 187, subd. (a), 186.22, subd. (b)(1), 12022.53, subds. (b)–(e), 12022.5, subd. (a).)[1,2] On May 29, 2019, defendant, along with his two codefendants, pleaded no contest to voluntary manslaughter and admitted an attached sentence enhancement for personal use of a firearm. (§§ 192, subd. (a), 12022.5, subd. (a).) Pursuant to the terms of defendant's plea bargain, he faced a maximum possible sentence of 10 years and, relevant here, he waived his right to appeal.

On August 7, 2019, in accordance with the terms of the plea bargain, the trial court sentenced defendant to the maximum term of 10 years in prison, comprised of the middle term of six years for manslaughter and the middle term of four years for the firearm enhancement. Over defendant's objection pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the court imposed a restitution fine of $2,700 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $2,700 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8; and a court facilities assessment of $30 under Government Code section 70373. The court also imposed victim restitution of $9,955.68 under section 1202.4, subd. (f), but noting the fines and fees already imposed, the court did not impose a probation report fee or costs for legal assistance (§§ 1203.1b, 987.8).

On appeal, defendant claims that he is indigent and, therefore, under *Dueñas*, the imposition of the restitution fine and court assessments violated his due process rights.

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     The facts underlying defendant's crimes are not relevant to the issues raised on appeal and, therefore, we do not summarize them.

2.

He seeks a stay of the restitution fine until the prosecutor demonstrates he has the ability to pay, and he seeks an order vacating the court assessments.

The People contend that defendant failed to comply with section 1237.2, waived his right to appeal as part of his plea bargain, and failed to obtain a certificate of probable cause in compliance with section 1237.5. On the merits of defendant's *Dueñas* claim, they contend that the restitution fine imposed was constitutional under both the Eighth Amendment and due process principles, and imposition of the nonpunitive court assessments without determining defendant's ability to pay was harmless error.

We conclude that defendant's appeal is not barred by section 1237.2 given his objection in the trial court. However, defendant's written plea agreement included a waiver of appellate rights. As discussed below, we find the scope of the waiver encompassed the fines and fees imposed at the sentencing hearing, thereby necessitating a certificate of probable cause under section 1237.5. (*People v. Becerra* (2019) 32 Cal.App.5th 178, 188 (*Becerra*); *People v. Espinoza* (2018) 22 Cal.App.5th 794, 803 (*Espinoza*).) Nevertheless, even if we assume defendant did not waive the right to appeal the issue and does not need a certificate of probable cause, his *Dueñas* claim fails on its merits. Therefore, we affirm the judgment.

## DISCUSSION

### I. Section 1237.2

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159; accord, *People v. Arriaga* (2014) 58 Cal.4th 950, 958; *People v. Totari* (2002) 28 Cal.4th 876, 881.) Section 1237.1, and relevant here, sections 1237.2 and 1237.5, present exceptions to the general rule that a defendant may appeal from a final judgment of conviction (§ 1237).

Section 1237.2 provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines,

3.

penalty assessments, surcharges, fees, or costs *unless the defendant first presents the claim in the trial court at the time of sentencing*, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (Italics added.)

Here, the sole issue presented on appeal is a challenge to the restitution fine and court assessments imposed, and section 1237.2 applies to challenges brought pursuant to *Dueñas*. (*People v. Hall* (2019) 39 Cal.App.5th 502, 504.) The People contend that defendant's claim is barred because he failed to make a motion for correction in the trial court, but defendant, relying on *Dueñas*, objected to the imposition of the restitution fine and court assessments at the time of sentencing. As such, he perfected his appeal in accordance with the statute's express terms. (See *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123 ["'If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls.'"].) The People appear to have overlooked the objection, as their contrary argument is not supported by any authority that applies where, as here, the defendant objected in the trial court.

## II. Cognizability of *Dueñas* Claim on Appeal

### A. Procedural Background

The plea agreement executed by defendant in this case included a waiver of appellate rights. Defendant signed the waiver and declared under penalty of perjury that he read and understood the plea agreement; and his attorney signed the waiver and the plea agreement, declaring that he explained each of defendant's rights, including the right

4.

to appeal and to advance a collateral attack. The plea agreement did not contemplate a specific restitution fine and did not specify fees, but the agreement, initialed by defendant, acknowledged that the maximum sentence he could receive as a result of his plea included a 10–year prison sentence, a fine of up to $10,000, and restitution between "the minimum amount of $300, and up to $10,000." Defendant also expressly waived his "right to appeal any and all judicial rulings in this case," any rulings on motions or objections, any procedures that were or were not used, "any remaining issue of fact or law … that has not been otherwise stated in [the agreement]," and his right to attack any factual or legal issue by writ, including writ of habeas corpus.

Prior to accepting defendant's plea, the trial court confirmed that defendant signed the agreement, that he went over the forms with his attorney, and that he understood his rights. The court also memorialized the incorporation of the appellate waiver as part of the plea, and stated, "Do you understand that there are certain fines and fees that the court can impose if the court accepts your plea agreement and sentence[s] you according to the terms and conditions of the plea agreement and that the court, if the court were to make a finding about your ability, financial ability to pay fines and fees, the court can order certain fines and fees in your case?"

At the subsequent sentencing hearing, the trial court considered defendant's argument that he lacked the ability to pay, and exercised its discretion to impose the fines and fees now at issue. At the conclusion of the hearing, defendant's counsel stated his intention to appeal the imposition of the fines and fees, and his belief that the issue was not precluded by the waiver of appellate rights in the plea agreement. The prosecutor did not object or otherwise comment.

The People now argue that defendant's *Dueñas* claim is barred because he waived his right to appeal and he failed to obtain a certificate of probable cause pursuant to

5.

section 1237.5.[3]  In reply, defendant contends that the waiver did not encompass future errors that were "outside of his contemplation and knowledge" at the time.

### B.       Analysis

#### 1.       Applicable Legal Principles

"[A] defendant [may] waive the right to appeal as part of the [plea] agreement," as long as the waiver is "'knowing, intelligent, and voluntary.'"  (*People v. Panizzon* (1996) 13 Cal.4th 68, 80 (*Panizzon*), quoting *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1659.)  "'[A] waiver that is nonspecific, e.g., "I waive my appeal rights" or "I waive my right to appeal any ruling in this case,"' is considered a general waiver."  (*Becerra*, *supra*, 32 Cal.App.5th at p. 186, quoting *Panizzon*, *supra*, at p. 85, fn. 11.)  "'A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error.'"  (*Becerra*, *supra*, at p. 186, italics omitted, quoting *People v. Mumm* (2002) 98 Cal.App.4th 812, 815.)

However, "'when a defendant waives the right to appeal as part of a plea agreement, and the waiver's terms encompass the issue the defendant wishes to raise, the defendant must obtain a certificate of probable cause to avoid dismissal of the appeal. With a certificate of probable cause in hand, the defendant may argue that the waiver is not enforceable as to the issue raised, whether because the waiver was not knowing and intelligent or for some other reason.'"  (*Becerra*, *supra*, 32 Cal.App.5th at p. 187, italics omitted, quoting *Espinoza*, *supra*, 22 Cal.App.5th at p. 803.)  "[I]f the reviewing court

---

**3**       Section 1237.5 provides:  "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

determines that the waiver is not enforceable, it will reach the merits of the defendant's underlying claim." (*Espinoza*, *supra*, at p. 803.)

Thus, we first determine whether defendant's challenge to the fines and fees imposed by the trial court at the sentencing hearing falls within the scope of his waiver of appellate rights. (*Becerra*, *supra*, 32 Cal.App.5th at p. 188; accord, *Espinoza*, *supra*, 22 Cal.App.5th at p. 803.) This determination informs whether defendant's challenge is an attack on the validity of his plea agreement, necessitating a certificate of probable cause under section 1237.5. (*Becerra*, *supra*, at p. 188; *Espinoza*, *supra*, at p. 803.)

"'A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.]' (*People v. Shelton* (2006) 37 Cal.4th 759, 767 (*Shelton*).) Likewise, '[b]ecause waivers of appellate rights are ordinarily found in the context of a plea bargain, the scope of the waiver is approached like a question of contract interpretation—to what did the parties expressly or by reasonable implication agree? [Citations.]' (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157.)

"'"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.]" … "The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]" [Citations.]' (*Shelton*, *supra*, 37 Cal.4th at p. 767.)" (*Becerra*, *supra*, 32 Cal.App.5th at pp. 188–189.)

### 2. Analysis

As a threshold matter, this case does not involve an issue arising from or impacted by a change in the law that occurred after execution of the plea agreement. Effective January 1, 2020, the Legislature added section 1016.8 to the Penal Code. (Stats. 2019,

ch. 586, § 1, pp. 1–2.) The statute provides, in relevant part, "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent. [¶] … A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subds. (a)(4)–(b).)

Here, the Court of Appeal's decision in *Dueñas* predated both the execution of the plea agreement and the sentencing hearing, and the record expressly reflects that the trial court and the parties were aware of the decision. Thus, the principles attendant to a future ameliorative change in the law, then unknown or unforeseen, do not apply here. (§ 1016.8; see *People v. Stamps* (2020) 9 Cal.5th 685, 698 [certificate of probable cause not required where the defendant is not attacking the plea itself but seeking benefit of later change in the law]; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1153–1154 [same].)

Defendant's argument that he did not waive his right to appeal the trial court's future discretionary determination regarding the fines and fees requires we accept that the waiver of his appellate rights was very general and did not extend to any future events.[4] The express terms of his plea agreement and waiver undermine his argument, however.

---

[4]     In *Panizzon*, the California Supreme Court distinguished cases such as *People v. Sherrick* (1993) 19 Cal.App.4th 657 and *People v. Vargas*, *supra*, 13 Cal.App.4th 1653 on the ground that "the defendants in those decisions were attempting to appeal sentencing issues that were left *unresolved* by the particular plea agreements involved." (*Panizzon*, *supra*, 13 Cal.4th at p. 85.) In *Panizzon*, in contrast, "[n]ot only did the plea agreement … specify the sentence to be imposed, but by its very terms the waiver of appellate rights also specifically extended to any right to appeal such sentence." (*Id.* at pp. 85–86.) The court concluded that the defendant's challenge to his sentence as unconstitutionally disproportionate could not "fairly be characterized as falling outside of defendant's contemplation and knowledge when the waiver was made .…" (*Id.* at p. 86.)

We acknowledge that in *People v. Mumm*, *supra*, 98 Cal.App.4th at page 815, cited by defendant, the Court of Appeal concluded that the defendant's "broad or general waiver of" "his

We would be hard pressed to find that imposition of a restitution fine between $300 and $10,000 was a "'possible future error' … outside the defendant's contemplation and knowledge at the time the waiver is made." (*Panizzon*, *supra*, 13 Cal.4th at p. 85.) The plea agreement expressly included that information; the trial court advised defendant that if it accepted the plea agreement and sentenced defendant, it could impose fines and fees based on its determination of his ability to pay; and the trial court and parties were aware of the appellate court's decision in *Dueñas*. Furthermore, the waiver of appellate rights that was part of defendant's plea agreement encompassed *any* rulings on motions or objections, *any* factual or legal issue not otherwise stated, and *any* collateral attacks based on any factual or legal issue. In short, the waiver of appellate rights contained within the plea agreement swept both broadly and specifically; nothing in either document evidenced an intent to carve out any issues from the agreement; and, as previously stated, this case does not involve a change in the law that occurred after execution of the plea agreement. Defense counsel's later summary comment regarding his belief that the fines and fees were excluded from the waiver does not persuade us otherwise given the specificity of the plea agreement and waiver of appellate rights.

Accordingly, we conclude that defendant's challenge to the fines and fees imposed in this case falls within the scope of his waiver of appellate rights. Therefore, he was required to obtain a certificate of probable cause to appeal the issue. (§ 1237.5; *Becerra*, *supra*, 32 Cal.App.5th at p. 188; *Espinoza*, *supra*, 22 Cal.App.5th at p. 803; cf. *People v. Patton* (2019) 41 Cal.App.5th 934, 942–943 [distinguishing *Espinoza* on ground that [the defendant] executed only a limited waiver of his right to appeal "the specifics of the

right to appeal based on 'issues regarding priors allegations'" did not bar his appellate challenge to the trial court's later finding that his out–of–state conviction qualified as a strike offense. The inquiry is fact specific, however, and as discussed, rather than a general waiver of the right to appeal, the waiver in this case was very specific and the plea agreement itself referenced imposition of fines between $300 and $10,000. Given the express terms of defendant's plea agreement and waiver of appellate rights in this case, we are persuaded by the reasoning in *Becerra* and *Espinoza*.

stipulated sentence *specified in* [*the defendant's*] *plea agreement*," and those specifics "did *not* encompass provisions … yet to be determined in future proceedings"].) Nevertheless, even if we assume defendant did not waive his right to appeal imposition of the fines and fees and did not need to obtain a certificate of probable cause because his challenge did not go to the validity of the plea deal (*Becerra*, *supra*, at pp. 191–192), his *Dueñas* claim fails on its merits, discussed next.

## III.  *Dueñas* **Claim**

Defendant was sentenced on August 7, 2019, and pursuant to *Dueñas*, defense counsel requested that the court find defendant lacked the ability to pay the restitution fine and court assessments.  The trial court concluded that defendant had the ability to pay based on his age, lack of physical or mental health issues, and limited work history; and the court imposed a restitution fine of $2,700 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $2,700 under section 1202.45, subdivision (a), suspended; a total court operations assessment of $40 under section 1465.8; and a total court facilities assessment of $30 under Government Code section 70373.

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164, see p. 1167.)  We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings.  As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, *supra*, at pp. 1068–1072.)  Under that standard, the fines and fees imposed in this case, which amount to less than $2,800, are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment.  (*Aviles*, *supra*, at p. 1072; accord, *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058 (*Lowery*).)

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claims because any error in the trial court's ruling on the matter "was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24; accord, *Lowery, supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]'" (*Aviles, supra*, at p. 1076.)

We can infer from the instant record that defendant, who was 21 years old at the time of sentencing and had some employment history doing construction side jobs, has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Lowery, supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

**DISPOSITION**

The judgment is affirmed.